# Talmadge's Adm'r *v.* Talmadge.

*Statutory Real Action in nature of Ejectment, by Administrator against Widow.*

1. *Homestead exemption, as affected by residence of debtor.*—The constitutional and statutory provisions of this State, in regard to homestead exemptions. are intended for the benefit of residents and their families, and can not be invoked by non-residents.

2. *Change of domicile.*—A domicile can not be changed by mere intention— the intention must be carried into effect; and the old domicile continues until a new one is acquired.

3. *Domicile of husband and wife; claim of exemption by widow.*—The domicile of the husband determines that of the wife; and where he was not a resident of this State at the time of his death, although he had bought property here, and was making preparations to remove, his widow can not claim a homestead exemption in the lands.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. W. B. WOOD.

This action was brought by George D. Mingea, as the administrator of the estate of William Talmadge, deceased, against Mrs. Amelia Talmadge, the widow of said decedent, to recover a tract of land particularly described in the complaint, containing about twenty acres, with damages for its detention; and was commenced on the 20th February, 1879. The defendant pleaded "the general issue, in short by consent, with leave to give any special matter in evidence"; and the cause was tried on issue joined on that plea.   On the trial, as the bill of exceptions states, "the facts of the case were, by agreement, admitted to be as follows":

"William Talmadge, the husband of the defendant, and the intestate of the plaintiff, purchased the property in controversy on the 21st March, 1878, and took a legal title thereto. He bought it in person from Rosenant & Bro., through C. A. Arnett, agent.   At the time of said purchase, previous thereto, and subsequent thereto, said Talmadge declared it to be his purpose and intention to remove his family from DuPage county, Illinois, to near Athens, Alabama, to reside, and that he expected to occupy the property in controversy as his home. Before leaving for Illinois, he procured the services of a workman to improve the place in controversy, giving such improvements his personal attention, and stating at the time that he intended it for his home.   A few days after he purchased said property, he returned to Illinois, stating at the time that it

[Talmadge's Adm'r v. Talmadge.]

was his purpose to bring his family back with him, to reside here in Alabama on said property. Said Talmadge returned to Illinois, and had shipped a part of his goods, furniture, &c., to Elmhurst, a depot on the North-Western, Chicago and Galena railroad, marked '*Wm. Talmadge, Athens, Alabama*'; but, before he finished shipping his goods, furniture, &c., he was taken sick at Elmhurst, and died there, while on his way to Athens, Alabama. While in Illinois on his return, said Talmadge said that he was a citizen of Alabama. His widow, the defendant in this suit, and his daughter Ruth, came to Athens, Alabama, in November, 1878, soon after his death, and went into possession of said property, claiming it as exempt to her and her said minor child, Ruth, who also made the same claim, under the constitution and laws of Alabama; and they have been in possession ever since. On the 15th March, 1879, as soon as Mrs. Talmadge was advised to do so, she filed her declaration before the Probate Court of Lime-stone county, making an election of said exemption out of the estate of said William Talmadge; and said property, thus claimed, is not worth as much as $2,000. Previous to, and up to the purchase of said land by said Talmadge, he was a resident citizen of Illinois; and he visited Alabama, especially Limestone county, on this occasion, to prospect for land, on a railroad pass at reduced rates, to go and return in thirty days. While in Limestone county, on this trip, he did not eat, sleep in, nor actually or otherwise ever occupy said lands, nor the houses thereon, they being all the time vacant; but boarded, lodged, ate and slept in a hotel in Athens. Said Talmadge died in Illinois, in June, 1878; and thereupon, Mrs. Amelia Talmadge, the defendant, administered on his estate in Illinois, as the estate of a resident citizen there, as the records of the proper courts there show, on her sworn application; and, among other things, had an exemption, one thousand and eleven dollars in value, set off to her as such widow, under the laws of Illinois in force in 1878, which declare 'that the widow, residing in this State, of a deceased husband whose estate is administered in this State, whether her husband died testate or intestate, shall in all cases be allowed' the exemptions which were thus set off, claimed, and secured by her. The plaintiff is the administrator, in Ala-bama, of said William Talmadge; and debts against the estate of his intestate, to a large amount, have been presented to him for payment, and there is no property, personal or real, out of which to pay the same. The yearly rental value of the place is $75."

These being the agreed facts, the case was submitted to the court for decision, as under a charge to the jury and ver-

[Talmadge's Adm'r v. Talmadge.]

dict thereon, with leave to either party to except to the decision, as to a charge to the jury, and to appeal to this court. Thereupon, the court decided that the plaintiff was not entitled to recover, " and charged the jury, if they believed the evidence, they must find for the defendant;" which ruling and decision is now assigned as error by the plaintiff.

LUKE PRYOR, and McCLELLAN & McCLELLAN, for appellant.

BRANDON & JONES, *contra.*

SOMERVILLE, J.—The constitution and statute laws of Alabama provide for the exemption from sale on execution, or other legal process, of a homestead, only for the use and benefit of " any *resident* of this State."—Const. 1875, Art. 10, § 1 ; Code of 1876, § 2820.   Non-residents are excluded from this benefaction, by the most obvious rule of legal construction ; and, in the event of their decease before a change of residence or domicile from elsewhere to this State, their families are equally excluded from the privilege.—*Auerbach v. Pritchett*, 58 Ala. 451.  If, therefore, the appellee's husband, William Talmadge, was a non-resident of Alabama at the date of his decease, she is debarred from claiming the statutory right of exemption set up by her in this case.

There is no disputation about the fact, that he was a resident of the State of Illinois, prior to March, 1878, when he purchased the real estate in controversy, which is claimed to have been his homestead.   It is clear that the deceased contemplated a removal to Alabama.   His *intention* to change his domiciliary residence from Illinois to this State can not be doubted.   But such intention alone, without the completed act, is not sufficient.   If he died before the consummation of his purpose, his proximity to its attainment is immaterial. His old domicile in Illinois continued until a new one was actually acquired *facto et animo.*—Story on Conflict of Laws, § 47 ; *State v. Hallett*, 8 Ala. 159 ; *Glover v. Glover*, 18 Ala. 367 ; *Littlefield v. Brooks*, 50 Maine, 475.

The facts of this case, as agreed on by counsel, and appearing in the bill of exceptions, show that the deceased was a non-resident of this State at the time of his death, and a resident of Illinois.   The appellee herself evidently so regarded him.   She there procured to be issued to herself letters of administration on his estate, and obtained an exemption of personal property allowed only to a widow residing in that State.   Her domicile being determined by that of her husband, this claim by her is the most emphatic assertion of his

*status* in this respect.—*Harrison & Saunders v. Harrison,* 20 Ala. 629.

The charge of the court below was not in accord with these views, and was, therefore, erroneous. Let the judgment of the Circuit Court be reversed, and let the case be remanded.