# Bragg *v.* The State.

*Indictment for using Abusive, Vulgar, or Insulting Language in or near a Dwelling, in Presence of Females.*

1. *Change of Domicil; what constitutes.*—A domicil once acquired is presumed to continue until a new one has been gained *facto et animo.* An intention to remove, or steps taken preparatory to removal, is not a change of domicil.

2. *What is a dwelling within meaning of* § *4203 of the Code.*—Where a husband had left the house which had been his dwelling, with no intention of returning, but he had not removed his household effects therefrom, and his wife had remained spending her days in the house, but her nights elsewhere, and was preparing to remove therefrom, it not being shown that the husband had acquired a dwelling elsewhere,—*held,* that the house was the dwelling of the husband within the meaning of section 4203 of the Code of 1876, punishing the use of abusive, insulting or vulgar language in or near a dwelling in the presence of a female or a member of the family.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The indictment in this case charges, in substance, that the defendant entered into the dwelling house of Robert Bryant, or upon the curtilage thereof, or upon the public highway near thereto, and in the presence of Jane Bryant, a female, made use of abusive, insulting or vulgar language. The evidence introduced on the trial tended to show the following facts: In the spring of 1880, Robert Bryant, with his family, moved on the lands of the defendant, and occupied as a dwelling a house on said lands, which was furnished him by the defendant, who had hired Bryant to work as a laborer on his farm during the balance of that year. On 3d September of that year Bryant "abandoned his contract with defendant and left the premises and never returned to the house again." Bryant's wife did not go with him, but after he left she did not remain in the house at night, and only went there in the day time, intending to leave the place and take away the furniture and other household goods which were in the house, and which constituted the only property owned by her and her husband. On 5th September, 1880, she procured a wagon and team and went to the house to remove the furniture and other things from the premises, and while engaged in loading the wagon with her husband's effects, the defendant came to the house and objected to the removal and then used in her presence "the language im-

puted to him in the indictment." On this evidence, the venue having been proved, the court charged the jury, in substance, that notwithstanding Robert Bryant had left the house a few days before the use of the alleged language, and never returned thereto afterwards, yet, if his furniture and household goods remained in the house, and his wife went there in the day time, but did not stay there at night; and if on the day the alleged language was used, she went to the house for the purpose of removing the furniture and other household goods therefrom, the house was still the dwelling house of Robert Bryant within the meaning of the statute, although the wife intended to get the said effects and leave the house with them, and did not intend to return afterwards. To the giving of this charge the defendant excepted. He also reserved an exception to the refusal of the court to give, at his request in writing, a charge asserting the converse of the proposition embodied in the charge given by the court. The jury returned a verdict of guilty, on which the defendant was sentenced. The rulings of the court above noted are here assigned as error.

GRIFFIN & WOOD, for appellants.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

STONE, J.—There can be no question that the house or dwelling mentioned in the evidence had been the dwelling house of Robert Bryant. And while it is shown that he had left the premises with no intention of returning, it is not shown that he had removed therefrom, or that it had ceased to be his dwelling. His wife was still there, spending her days in the house, and on the occasion when the alleged offense was committed, had a wagon there for the purpose of removing the household furniture from the dwelling. She and another female were present. An intention to remove, or steps taken preparatory to removal, is not a change of domicil. A domicil once acquired is presumed to continue until a new one has been gained *facto et animo.—Glover v. Glover*, 18 Ala. 367; *The State v. Hallett*, 8 Ala. 159.

The Circuit Court did not err in the charge given or in the charge refused.—Code, § 4203.

Affirmed.