# McCrary *v.* Chase & Co.

### *Contest of Claim of Exemption.*

1. *Exemption ; right of, dependent on residence in the State.*—The constitution and statutes of this State render residence within the State an essential element of the right to an exemption of a homestead, or of personal property from liability for the payment of debts; and the right, springing from, and being dependent upon the *status* of residence within this State, it may be admitted, terminates whenever the *status* is changed by the acquisition of a residence in another State.

2. *Same ; right of, must be determined at the time lien of process attaches.*—But the right to such exemption must be determined according to the state of facts existing when the lien of an execution or other process attaches.

3. *Same ; contestation of, a suit ; by what facts supported.*—The contestation of a claim of exemptions is essentially a suit, in which the plaintiff causing the levy is the actor, and the levy is the institution of the suit. The causes·of contest assigned must be supported by facts existing at the time the contest is instituted ; and the subsequent occurrence of facts essential to the plaintiff's right of recovery, operating to defeat or divest the right of exemption, will not support the contest.

4. *Same.*—Hence, where personal property levied on under an execution was claimed as exempt by the defendant in execution, and the claim was contested, and at the time of the levy and of making the claim the defendant was a resident of this State, his subsequent removal from the State, and residence in another State at the time of the trial of the contest can not deprive him of his right to an exemption of the property levied on from the payment of the execution.

APPEAL from Barbour Circuit Court.

Tried before Hon. H. D. CLAYTON.

.The facts are sufficiently stated in the opinion.

G. L. COMER, for appellant.   (No brief came to the hands of the reporter.)

S. H. DENT and JOHN D. ROQUEMORE, *contra*, cited Story on Con. Laws, § 47; *State v. Hallett*, 8 Ala. 159; *Glover v. Glover*, 18 Ala. 367; *Talmadge v. Talmadge*, 66 Ala. 199; *Allen v. Manasse*, 4 Ala. 554; Thomp. on Homs. & Ex. § 91, and authorities cited; *Daniel v. Hamilton*, 52 Ala. 105.

BRICKELL, C. J.—The appellees, having obtained before a justice of the peace a judgment against the appellant, caused an execution issuing thereon to be levied on ten shares of the capital stock of a corporation created under the laws of this

[McCrary v. Chase & Co.]

State, located in the city of Eufaula, and known as the "City Building and Loan Association." The appellant claimed the stock as exempt from levy and sale under execution, and pursuant to the statute made and filed an inventory of his personal property and the value thereof. The claim was contested by the appellees upon the ground that it was excessive, specific property mentioned being of greater value than was expressed in the inventory; and it being averred that the appellant had in money four hundred dollars not embraced in the inventory. A trial of the contest was had before the justice of the peace, and resulted in a judgment sustaining the claim of exemption, from which judgment the appellees appealed to the Circuit Court. Upon the trial in the Circuit Court, it appeared that at the time of the issue and levy of the execution, and when the claim of exemption was interposed, the appellant was a resident citizen of this State, but soon thereafter removed with his family to the State of Georgia, and there engaged in the mercantile business. Some months before the trial in the Circuit Court, in consequence of sickness, he brought his family into this State and boarded them at a hotel in the city of Eufaula, visiting them from time to time. The appellant testified that he intended removing back to this State, so soon as he completed certain business negotiations then in progress, and which were complete except the payment of a sum of money.

The Circuit Court charged the jury, that although the appellant was a resident citizen of this State at the time of filing his claim of exemption, and at the time of the trial before the justice of the peace, yet, if he was not then a resident citizen of the State, he was not entitled to the exemption, and they must find for the appellees; and refused four several instructions requested by the appellant. In the view we take of the case, it is unnecessary to notice the instructions refused.

The constitution and the statutes render residence within the State an essential element of the right to an exemption of a homestead, or of personal property from liability for the payment of debts. The words employed in designation of the person entitled to the right are, *any resident of this State.* The pre-existing statutes had limited exemptions to the heads of families, and the exemption was intended for the use of the family in the State. These were the words of the statute, but it was said that without the words it could not have been supposed that there was a purpose to legislate for the benefit of those who were without the territorial limits, and not subject to the jurisdiction of the State.—*Allen v. Manasse,* 4 Ala. 554; *Sallee v. Waters,* 17 Ala. 488; *Boykin v. Edwards,* 21 Ala. 261. The same policy pervades the constitution and the statutes now, affording benefit and protection to the unfortunate

[McCrary v. Chase & Co.]

·debtors within the territorial limits of the State, and subject to its jurisdiction. Whether it is intended that the *domicil* of the person claiming the exemption must be within the State, is not now a question we propose to consider. The place of abode must be here—there must not be a mere temporary sojourn. *Talmadge v. Talmadge*, 66 Ala. 199. The fact is uncontroverted, that when the execution was issued and levied, and when the claim of exemption was interposed, the residence and domicil of the appellant were within this State, and he was of right entitled to the statutory and constitutional exemption. The right springing from, and being dependent upon the *status* of residence within this State, it may be admitted, terminates whenever the *status* is changed by the acquisition of residence in another State.—*Finley v. Sly*, 44 Ind. 269. The right to an exemption must be determined according to the state of facts existing when the lien of an execution or other process attaches. If the right does not then exist, the occurrence of subsequent facts will not operate a divestiture of the lien. If, when the execution in this case was levied, the residence of the appellant had been in another State, his subsequent removal and acquisition of a residence in this State could not have operated to divest the lien attaching from the levy. The contestation of a claim of exemptions is essentially a suit, in which the plaintiff causing the levy is the actor. The institution of the suit is the levy. *McAdams v. Beard*, 34 Ala. 478. The plaintiff must assign the causes of contest, and must support them by facts existing at the time the contest is instituted. The subsequent occurrence of facts essential to his right of recovery, operating to defeat or divest the right of exemption, will not support the contest. The rule is general, if not universal, that facts not occurring until after the institution of suit, essential to a recovery, will not support the suit.—*Hill v. Hill*, 10 Ala. 527; *Donaldson v. Waters*, 30 Ala. 175. The grounds of contest must be verified by affidavit, and verified as existing at the time of the claim of exemption. There was in this case no denial of the residence of the appellant in this State at the time the claim of exemption was made. The contest was directed entirely to the inquiry and fact, whether the claim was excessive. That ground could not be abandoned, and another substituted, ·dependent upon a state of facts arising subsequently. The institution of the contest had deprived the appellant, while he was a resident of the State, of the use and enjoyment of the property upon which the levy was made; of the opportunity of employing it to aid in his acquisition of a residence elsewhere. The purpose of the constitution and statutes conferring the exemption is, to leave the resident of the State in the free and unrestrained use and enjoyment of the property. And it is

[The State of Alabama for the use of Montgomery Co. v. Allen.]

not the right of a creditor, through the instrumentality of a contest, to deprive him of the use of it in the acquisition of a residence elsewhere; and when the residence is acquired, to invoke its existence to support a suit he has wrongfully instituted.

The charge given by the Circuit Court is erroneous, and compels a reversal of the judgment.

Reversed and remanded.