# Herzfeld v. Beasley.

### *Contest of Homestead Exemption.*

1. *Homestead exemption; what necessary to constitute abandonment.*— In order to lose a residence, when once acquired in this State, and, therefore, the protection of the homestead exemption law, there must be a removal in fact, coupled with the intent that such removal is not merely temporary, as distinguished from permanent; but full preparation made with the expressed intention to change residence to another State, does not of itself forfeit the right of exemption; the "*facto et animo*" must both exist.

Appeal from Birmingham City Court.

Tried before the Hon. W. W. Wilkerson.

This was a trial of the contest of a claim of exemptions, which was filed by the appellee, Annie Beasley, claiming certain property levied upon under an attachment against said Annie Beasley, issued at the suit of the appellant, Herman Herzfeld. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, judgment was rendered for the defendant in attachment,

sustaining her claim of exemptions. From this judgment the plaintiff appeals, and assigns the same as error.

MOUNTJOY & TOMLINSON, for appellant.—1. A departure from one's usual place of abode with the intention of setting off to a distant State to take up a residence would at once constitute the person a non-resident.— *Clark v. Ward*, 12 Gratt. 448; *Moore v. Holt*, 10 *Id.* 284; *Spalding v. Simms*, 4 Metc. (Ky.) 285; *McBrayer v. Dillard*, 49 Ala. 174.

2. "Domicile is not changed until a new one is acquired, although the former residence is deliberately abandoned."—*Lowry v. Bradley*, 39 Amer. Dec. 142; Rapalje's Dig. Amer. Dec. & Rep., Vol. 1, p. 1158, subdiv. 5. "A person can have two places of residence." *Thorndike v. Boston*, 1 Metc. 242; *Sears v. Boston*, *Id.* 250.

HOUGHTON & COLLIER and Z. T. RUDULPH, *contra.*— As expressed in *Davis v. Allen*, 11 Ala. 165, the actual, positive, formed intention to remove from the State would not, in the opinion of this court, destroy the right to claim exemption.—*Glover v. Glover*, 18 Ala. 370; *Bragg v. State*, 69 Ala. 205; *Anthony v. Wade*, 1 Bush. 110.

COLEMAN, J.—The appellant, Herzfeld, sued out an attachment against Beasley, the appellee, which was levied upon certain household furniture as the property of the defendant. The defendant Beasley interposed a claim of exemption to the property levied upon, against which claim the plaintiff filed a contest under the statute. The issue was tried by the court, without a jury, and found in favor of the appellee, the claimant. The one ground of contest was, that the defendant was not a resident of the State of Alabama, and, therefore, not entitled to claim any exemption under the laws of this State. Upon this issue the burden was upon the plaintiff. The plaintiff rested his case upon the proposition that the defendant had changed her residence from this State to the State of Tennessee, or else in legal contemplation had abandoned her residence in this State. Giving to plaintiff's testimony the utmost effect that can be claimed for it, it shows that at the time of the levy of the attachment, as matter of fact, the defendant had not left the

[Pate v. McConnell.]

city of Birmingham, "and did not leave for some weeks afterwards; that she had made preparations to leave by packing the furniture and delivered it to the railroad for shipment to Nashville, and had declared her intention to remove permanently to that State." Do these facts show that she had ceased to be a resident of the State of Alabama, within the meaning of the statute and constitution, which secure an exemption to every "resident of the State"? The spirit of our decisions in construing the exemption laws, and in defining what is necessary to acquire a residence in this State, and to lose a residence when once acquired, have clearly kept in view the distinction between the "*animo*" and the "*facto et animo.*" We hold that mere preparation to change, coupled with the intent to change, a residence, is not the equivalent of an actual change. That in order to lose a residence, when once acquired in this State, and the protection of the exemption laws, there must be a removal in fact with the intent that it is not merely temporary.—*Talmadge v. Talmadge*, 66 Ala. 199; *McCrary v. Chase*, 71 Ala. 540; *Caldwell v. Pollak*, 91 Ala. 353; *Bragg v. The State*, 69 Ala. 204; *Glover v. Glover*, 18 Ala. 370; *Davis v. Allen*, 11 Ala. 165.

In the view we take of the case, it is unnecessary to consider the evidence offered by the defendant, tending to show that she never intended to change her residence from the State of Alabama,

Affirmed,