# Jackson v. Isbell.

*Bill in Equity for Assignment of Dower.*

1. *Dower; when not affected by separate estate of widow.*—The widow's dower interest in lands of her husband sold in his lifetime under execution against him is not affected by the statutory provision (Code, §§ 2354, 2355) diminishing her dower interest and distributive share

in her husband's estate to the extent of the value of her separate estate, whether the dower is assigned by metes and bounds or pursuant to the provisions of sections 1910 and 1911 of the Code.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JERE N. WILLIAMS.

The nature of the bill in this case is stated in the opinion. The answer set up, by way of plea, that the complainant had, at the time of the death of her husband, a statutory separate estate, which, exclusive of the rents, income and profits, was equal to or greater in value that her dower interest in said lands and distributive share in her said husband's estate. Exceptions to this plea, for insufficiency, were overruled.

A. D. SAYRE, W. W. PEARSON, and J. R. Wood, for appellant.—The question raised in this case has never been decided in Alabama, so far as we have been able to ascertain. It was mentioned by way of *quaere* in *Steadman v. Steadman*, 41 Ala. 473. In *Lee v. Lee*, 77 Ala. 412, it was assumed that the widow's separate estate would reduce her dower, but the only question litigated in that case was whether or not the widow's estate was equitable or statutory.

Section 2354 of the Code evidently refers to the estate left by the husband at his death, and not to property he has alienated in his lifetime. In Pennsylvania a statute provides: "The shares of the estate directed by this act to be allotted to the widow shall be in lieu and full satisfaction of her dower at common law."—Penn. Statutes, p. 631, Sec. 2. That act is held to be confined, in its operation, to lands of which the husband was owner at the time of his death, and not to extend to such as he has aliened in his lifetime.—*Borland v. Niekols*, 12 Pa. St., 42; 51 Am. Dec. 576; *Leinaweaver v. Stover*, 1 Watts & S., 160.

HORACE STRINGFELLOW, *contra.*—There is nothing in section 2354 of the Code limiting its application to cases where dower is claimed against those acquiring title from the husband by descent. Its terms are general, and it applies where the title is acquired from the husband by purchase, as well as by descent. What reason is there for discriminating in favor of distributees, who

give no consideration, and against purchasers, who pay value? The question has been passed upon in the case of *Lee v. Lee*, 77 Ala. 413. The court recognized in that case that if the widow's estate had been a statutory separate estate her claim of dower against the alienee of the husband would have been defeated. The ruling in that case has probably become a rule of property, and should not be disturbed except upon very clear manifestation of error and injustice.—*Wadsworth v. Miller*, 103 Ala. 130 ; *Bennett v. Bennett*, 34 Ala. 53.

COLEMAN, J.—The complainant, Jackson, filed her bill for the purpose of having dower assigned to her by metes and bounds out of lands of her husband which had been sold in his lifetime by virtue of execution against him. The defense set up a state of facts which brought the defense within the operation of section 2354 of the Code. The evidence sustained the averments of the answer. and the court denied complainant relief, and dismissed her bill.

The decree is assigned as error, and the question presented requires a consideration of sections 1910, 1911, 2354 and 2355 of the Code of 1886. They read as follows : ''1910. When land, out of which dower has been demanded, has been aliened by the husband, and from improvements made by the alienee, or from any other cause, an assignment of dower by metes and bounds would be unjust, the court of probate must decline jurisdiction, and application must be made to the court of chancery.'' ''1911. In such case the widow is dowable of the value of the land at the time of the alienation, the interest on one third part thereof from the death of the husband, to be paid to her annually, during her life, and secured, if necessary, by a lien on the land, unless the parties agree to a compensation in gross, which the court must give effect to.'' ''2354. If any woman having a separate estate survive her husband, and such separate estate, exclusive of the rents, income and profits, is equal to, or greater in value than her dower interest and distributive share in her husband's estate, estimating her dower interest in his lands at seven years' rent of the dower interest, she shall not be entitled to dower in, or distribution of hes husband's estate.'' ''2355. If her separate estate be less in value than her dower, as

ascertained by the rule furnished by the preceding section, so much must be allowed her as, with her separate estate, would be equal to her dower aud distributive share in her husband's estate, if she had no separate estate."

Our opinion is that the provisions of the two latter sections have no application to cases arising under the first two sections. The purpose intended to be effected by sections 2354 and 2355 was to provide a mode for ascertaining, and measure of, her distributive share in her husband's estate; such estate as he may have left at the time of his death. If the wife survive the husband, having a separate estate, * * * "equal to or greater in value than her dower interest and distributive share *in her husband's estate* [italics ours] * * she shall not be entitled to dower in, or distribution of her husband's estate." Evidently these statutes refer to the estate of the husband at the time of his death. Other distributees of the estate have no interest in lands alienated by the ancestor in his lifetime. Their interest in the ancestor's estate is neither increased nor diminished because of property alienated by him in his lifetime.

When we come to consider sections 1910 and 1911, they provide for the assignment of dower to the widow in cases where no question of distribution in the husband's estate can arise. It regulates the assignment of dower in land which has been aliened by the husband. If the assignment by metes and bounds can be made without injustice, she gets her share in the land. In such a case there is no question of value. But if an assignment by metes and bounds would operate unjustly upon the alienee, then the law provides that the widow is dowable of the value of the land at the time of the alienation. The value is not considered if the assignment can be made by metes and bounds. The rule here provided cannot be applied with justice to the widow and distributees in cases arising under section 2354. The construction given to these statutes works no injustice to any person. The interest of other distributees of the estate is not affected. No injustice is done the alienee. He is deprived of nothing that he purchased. The widow only gets that to which she was entitled as the wife of the alienor, which she has never parted with and for whice she has received no compensation.

*Leinaweaver v. Stoever*, 1 Watts & Sergeant, 165 ; *Borland v. Nichols*, 51 Am, Dec. 576. The same principle applies to sales of the husband's land under execution as to alienation by the husband.—*Wood v. Morgan*, 56 Ala. 398. We are aware that in the case of *Lee v. Lee*, 77 Ala. 413, the court seems to have taken for granted that section 2354 applied to cases of alienation by the husband, but the question itself was not adjudicated, and we do not consider it binding as an authority on the point at issue. No doubt the Chancery Court was influenced by this decision. The decree of the court is not in accord with the principles declared as applicable to the case, and the decree must be reversed.

Reversed and remanded.

