# Sanders v. Wallace *et al.*

*Bill in Equity to recover Dower.*

1. *Bill to recover dower; when parties owning separate tracts of land can be joined as defendants.*—Where lands were sold as one tract under an execution against the husband in his lifetime, on a bill filed by the widow to recover dower in said lands, persons owning different parts thereof in severalty may be properly joined as parties defendant.

[Sanders v. Wallace *et al.*]

2. *Same; need not negative facts constituting a bar.*—A bill filed by a widow to recover dower need not affirmatively show that the husband died intestate, or that he died testate but made no provision in his will for the benefit of complainant; such facts being matter of defense to be set up by plea or answer, and it not being necessary for the complainant in such bill to negative the idea that she had accepted a testamentary provision in lieu of her dower.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellant, Jane A. Sanders, against the appellees, Thomas M. Wallace and Thomas W. Williams, to recover a dower interest in certain lands, each of the defendants owning severally a tract of land in which the dower is claimed.

The bill avers the marriage of the complainant with Greene B. Sanders, the seizin of the husband during the marriage, the sale of both tracts of land as one tract by the sheriff under execution, and the death of the husband. Each of the defendants demurred to the bill. The first ground of demurrer is, in substance, that there is a misjoinder of defendants having no interest in common. The other grounds of demurrer are, in substance, that the bill does not show whether Greene B. Sanders, the husband, died testate or intestate, or whether he did or did not make any provision for the complainant, his widow, by will, or whether she did or did not dissent from the will.

On the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining them. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. H. STEWART, for appellant.—1. The inchoate right of dower in this complainant in the entire body of lands by sale and conveyance became vested subject to be detached by a subsequent conveyance by her, or by her death before that of her husband. The purchasers (Gates and Pleasants) bought subject to and with knowledge of this right of dower in complainant. The deed by the sheriff conveying this body of land to them, was duly acknowledged and recorded in the office of the judge of probate of Perry county. The original purchasers do not now own this land, but these defendants are subsequent purchasers and they have notice of the fact that

this complainant had never conveyed or disposed of her inchoate right of dower therein. This complainant and these defendants all hold and claim by and through said Sanders as a common source of title. These defendants are, therefore, properly joined as parties to this bill. *Lyde v. Taylor*, 17 Ala. 270 ; *Ramey v. Green*, 18 Ala. 771. They do not claim to be holding as purchasers from and through other and different persons than Gates and Pleasants.—*Craft v. Wilcox*, 102 Ala. 378.

2. It is not an objection that defendants have severally distinct and independent interests in different questions, if all relate to the single object of the bill.—*Randle v. Boyd*, 73 Ala. 282.

3. The contention presented by the other grounds can not be raised by a demurrer. The necessary averments in order to the recovery of dower out of lands alienated in the lifetime of the husband, are : 1. Marriage of complainant with deceased. 2. Seizin of the husband during the marriage. 3. The alienation of the lands during the lifetime of the husband, in which the complainant did not join. 4. That she has not since such alienation been divested of her inchoate right of dower. 5. That her bill for dower was filed within three years after the death of her husband.

4. The rules of pleading do not require her to aver or set up *in extenso* every defense that might defeat her right of dower. But if any such matters of defense are true, then it is the duty of the defendants to present them by pleas or answers as they may be advised. Dower is a legal, equitable and moral right favored by the law.—5 Amer. & Eng. Encyc. of Law, 885 and note ; *Barksdale v. Garrett*, 64 Ala. 280 ; *Weaver v. Crenshaw*, 6 Ala. 873 ; *Wood v. Morgan*, 56 Ala. 397 ; *Irvine v. Armistead*, 46 Ala. 363 ; *Crenshaw v. Carpenter*, 69 Ala. 572.

Pettus & Pettus, *contra.*—1. The bill avers the marriage of the complainant with Greene B. Sanders, the seizin of the husband during the marriage, and the death of the husband, and the sale of both tracts of land by the sheriff of Perry county. Each of the defendants demurred to the bill. The first ground of demurrer is, in substance, that there is a misjoinder of defendants having no interest in common. The other ground of demurrer is, in substance, that the bill does not show

whether Greene B. Sanders, the husband, died testate or intestate, or whether he did or did not make any provision for the complainant, his widow, by will, or whether she did or did not dissent from the will.

"Dower can not be claimed against several alienees from the husband, by the same petition."—*Barney v. Frowner*, 9 Ala. 901; *Fosdick v. Gooding*, 1 Me. (Greenl.) 43.

2. The bill fails to show that under our statutes, the complainant is entitled to dower, in this land; that is, she does not show that her husband left no will, or made no provisions for her in his will, or that she dissented from it within the time allowed by law. For this reason, the bill was demurrable.—Code of 1886, §§ 1892, 1963–64; 2354–55; *Hilliard v. Binford*, 10 Ala. 977; *Adams v. Adams*, 39 Ala. 278; *Martin v. Martin*, 22 Ala. 99; *Spalding v. Hershfield*, 39 Pac. Rep. 88; *Corry v. Lamb*, 45 Ohio St. 203; *Palmer v. Voorhis*, 35 Barb. 480; *Evans v. Pierson*, 9 Rich. Law (S. C.) 9; *Avant v. Robertson*, 2 McMull (S. C.) 215; *Fairchild v. Marshall*, 42 Minn. 14.

COLEMAN, J.—The appellant filed the present bill to recover a dower interest in certain lands, which were sold under execution against her husband in his lifetime, and which were purchased at the execution sale by Pleasants and Gates. The bill shows, that after their purchase, the lands were sold to the respondents, a part to Thomas M. Wallace, and a different part to Thomas W. Williams. The bill avers marriage, seizin in fee by the husband during marriage, sale under execution, and purchase as above stated, and the death of the husband. It would seem on principle and authority that the averment of these facts makes a *prima facie* case for relief, but the court sustained a demurrer to the bill, and the appeal is prosecuted from the decree of the court sustaining the demurrer. One ground of demurrer is, that as the bill shows that different parties own the land in different rights, the two can not be joined as respondents in the same bill. The objection is not good. The purpose of the bill is to enforce a claim for dower. The claim is single. It applies to the whole land alike. It was sold by the sheriff as a whole, and the respondents purchased with legal knowledge of complainant's right to dower to these lands. In section 632 of Story Equity

[Sanders v. Wallace *et al.*]

Jurisprudence, one of the grounds of equitable juris-diction is "where the lands are in the hands of various purchasers, or their relative values are not easily ascer-tained;" and by Pomeroy, "for the settlement of antag-onistic claims without multiplicity of suits." The equity in this respect comes fairly within the principle declared in the following cases : *Randle v. Boyd,* 73 Ala. 282 ; *Ex parte Elyton Land Co.,* 104 Ala. 91 ; *Collins v. Stix, Kraus & Co.,* 96 Ala. 341 ; *Goodburn v. Stevens,* 1 Mo. Ch. 420.

The other grounds of demurrer will be considered together, for they all rest upon the same principle. The question raised by these grounds of demurrer is, whether a bill filed for the recovery of dower must affirmatively show, either that the husband died intestate, or that he died testate but made no provision in his will for the benefit of complainant ; in other words, that the bill must not only show that her right of dower accrued, but affirmatively that it is not barred. We are quite sure, that the defense can not be raised by demurrer. Mr. Daniell, in his work on Chancery Pleading and Practice, says : "Whenever any ground of defense is apparent upon the bill itself, the appropriate mode of defense is by demurrer."—§ 542. "A demurrer will lie whenever it is clear that, taking the charges in the bill to be true, the bill would be dismissed at the hearing."—*ib.* 543 ; Story Eq. Pl., § 448. In *Grimmet v. Henderson,* 66 Ala. 521 the principle is declared, "that an alleged fact, not appear-ing on the face of the complaint, is a matter for a plea, but not a cause of demurrer."—*Huss v. Central R. R. Co.,* 66 Ala. 472. Whenever a demurrer sets forth facts, which do not appear on the face of the bill, and which if true, shows that complainant's cause of action is barred, or that the bill should be dismissed, it is termed a speaking demurrer, and presents a defense available only by way of a plea or answer. Dower attaches upon marriage to every estate of inheritance of which the husband is seized during coverture. It is inchoate until death. Neither the husband nor his creditor can deprive her of this right, against her consent. An acceptance of a testamentary devise or bequest to her by her hus-band, in lieu of dower, is a bar to any proceeding in-stituted against her husband's estate for its recovery. 1 Brick. Dig. 621, § 133 ; *Hilliard v. Binford,* 10 Ala. 977.

A defense in bar must be made by plea or answer, unless the facts which constitute the bar, appear upon the face of the bill or complaint.—Authorities *supra*. According to the uniform practice in this court, and upon principle, the bill makes a *prima facie* case for relief, and was not subject to demurrer.—*Green v. Green*, 7 Port. 19, 26 ; Code of 1886, § 1902 ; *Snodgrass v. Clark*, 44 Ala. 198 ; *Elyton Land Co. v. Denny*, 96 Ala. 336 ; *Ridgway v. McAlpine*, 31 Ala. 458 ; *Wood v. Morgan*, 56 Ala. 397. The precise question was not raised in the cases cited, but they serve to show the practice in framing bills or petitions for dower.

Our conclusion renders it unnecssary to construe section 1963 of the Code of 1886, at this time. We have no right to presume that any question involving its construction will arise, and if we were to venture upon its consideration, our discussion and conclusion might prove to be mere dictum.

Reversed and remanded.