139 So. 236

### BURTON MFG. CO. v. LONG.

### 6 Div. 37.

Supreme Court of Alabama.

Jan. 14, 1931.

Arthur Fite, of Jasper, for appellant.

Davis & Curtis, of Jasper, for appellee.

BOULDIN, J.

The appeal is from a decree overruling a demurrer to the bill in equity for the assignment of dower.

The husband during coverture owned the fee in an undivided half interest in the lands involved.

An involuntary alienation during his life was effected by sales under several executions against him.

There are two distinct parcels of the land, each now owned in severalty by respondents, who derive title through the purchaser at execution sales.

The sole question presented on appeal is whether the bill is multifarious for misjoinder of parties against whom there is no common cause of action, and in seeking to enforce distinct and separate causes of action, namely, several claims for dower against separate parcels of land owned in severalty.

It seems to be the rule in some jurisdictions that such a bill is multifarious. 19 C. J. 561, 562, note 54.

But in the very early case of Barney v. Frowner & Wife, 9 Ala. 901, it was pointed out that under our statutes then in force, it would be necessary in applications for dower at law to proceed separately against each parcel, in cases where lands aliened by the husband were then in the hands of several persons in severalty. The court added: "'Where the lands are in the hands of various purchasers,' is one of the instances put by Judge Story, when adequate redress can only be had in equity. 1 S. Com. 587, § 632."

In Sanders v. Wallace, 114 Ala. 259, 21 So. 947, the same rule was applied. In that case the property constituted one tract when sold under execution. This fact is mentioned in connection with the announcement that the claim is single.

But the further discussion and cases cited disclose that the controlling principle is avoidance of a multiplicity of suits. The legislative as well as judicial policy of this state tends to give effect to this great principle.

True, this bill presents a case governed by Code, § 7449, in which the dower interest is defined, and is unaffected by the widow's separate estate as in cases of lands owned by decedent at the time of his death. Jackson v. Isbell, 109 Ala. 100, 19 So. 447.

Still, in consonance with the spirit of our decisions, we hold the singleness of purpose is in the claim of dower in lands of which the widow is dowable, that all such lands may be embraced in the one suit, and, of consequence, all persons having any interest therein, or in any portion thereof, may be made

parties, and several decrees rendered as the equities of the case may demand.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.