139 So. 236)

**DEEPWATER BLACK CREEK COAL CO. et al. v. LONG.**

**6 Div. 38.**

Supreme Court of Alabama.

Jan. 14, 1932.

Arthur Fite, of Jasper, for appellant.

Davis & Curtis, of Jasper, for appellee.

64

**GARDNER, J.**

"Dower attaches upon marriage to every estate of inheritance of which the husband is seised during coverture. It is inchoate until death. Neither the husband nor his creditor can deprive her of this right against her consent." Sanders v. Wallace, 114 Ala. 259, 21 So. 947, 948.

A sale of the land under execution issued against the husband did not deprive complainant of her dower rights. Our authorities are uniform to this effect. Sanders v. Wallace, supra; Callahan v. Nelson, 128 Ala. 671, 29 So. 555; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932; Sanders v. Wallace, 118 Ala. 418, 24 So. 354; Jackson v. Isbell, 109 Ala. 100, 19 So. 447; Hamm v. Butler, 215 Ala. 572, 112 So. 141; Irvine v. Armistead, 46 Ala. 363; Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745; People's Bank v. Barrow, 208 Ala. 433, 94 So. 600. These authorities also demonstrate that a court of equity has jurisdiction in the premises, and that the averments of the bill make out a prima facie case for relief.

Dower is greatly favored by our law and classed among the sacred rights. Irvine v. Armistead, supra.

We find nothing in the language of sections 7940-1, Code, indicating a legislative intent to in any manner affect or disturb this valuable right, and they are here inapplicable.

Appellant suggests the bill is multifarious. The sale under execution was to a single purchaser of all the lands, and from such purchaser the defendants derive their respective interests. The case of Sanders v. Wallace, 114 Ala. 259, 21 So. 947, is directly in point. Answering a like argument, the court there said: "The objection is not good. The purpose of the bill is to enforce a claim for dower. The claim is single. It applies to the whole land alike. It was sold by the sheriff as a whole, and the respondents purchased with legal knowledge of complainant's right to dower to these lands." By way of further explanation of this case, we have held in Burton Manufacturing Co. v. Annie H. Long, 139 So. 236,[1] this day decided, that the sale by the sheriff as a whole was not essential, and that

[1] Ante, p. 62.

a like result follows, though sold under execution in separate parcels. The cases of Lowery v. May, 213 Ala. 66, 104 So. 5, and Wilson v. Henderson, 200 Ala. 188, 75 So. 935, in no wise conflict with the conclusion here reached.

The demurrer to the bill was properly overruled.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.