167 So. 799

## WORTHY v. WALTON.

5 Div. 221.

Supreme Court of Alabama.

April 30, 1936.

318

J. B. Lamberth, of Alexander City, and Wilbanks & Wilbanks and Albert Hooton, all of Dadeville, for appellant.

R. H. Cocke, of Alexander City, for appellee.

Brief did not reach the Reporter.

KNIGHT, Justice.

Bill by Ruby Jean Walton, minor, suing by her next friend, to have exemptions, in lieu of homestead, set aside to her out of the real estate owned by her mother at the time of the latter's death.

It appears from allegations of the bill that Pauline Worthy departed this life at Alexander City, Ala., on February 4, 1935, intestate, and that she left surviving a husband, the respondent, Jather Worthy, and the complainant, who was a child by a former marriage. The complainant is the sole heir at law of the said decedent.

It appears from the bill that the decedent had no homestead at the time of her death, but owned three contiguous lots in Alexander City, upon each of which there was a house occupied by tenants; that the combined area of these three lots was less than 160 acres, and with the improvements and appurtenances did not exceed in value $2,000. This was all the real property owned by said decedent at the time of her death.

It appears also from the bill that W. L. Hutchinson had been duly appointed administrator of the estate of Pauline Worthy, deceased, and he along with others were made parties defendant to the bill.

 The complainant, being a minor child of Pauline Worthy, deceased, is en-

titled to exemptions in the estate of her deceased mother, to the same extent, quantum, title and interest, as the widow and minor children would take in the estate of a deceased husband and father. Code, § 7926; Barton et al. v. Laundry, 202 Ala. 10, 79 So. 308.

This right to exemptions on the part of a minor child in the estate of a deceased mother bars or cuts off any estate by statutory curtesy to the husband, in so far as the exempt property is concerned. Harper v. T. N. Hayes et al., 149 Ala. 174, 43 So. 360; Quinn v. Campbell, Adm'r, 126 Ala. 280, 28 So. 676.

The two sections of the Code, §§ 7926 and 7376, have, each, a field of operation. Section 7926 takes from the operation of 7376 the homestead, or lands set aside, in lieu of the homestead, to the minor child or children of the deceased wife, leaving the residue of the real estate subject to the provisions of section 7376. Barton et al. v. Laundry, supra.

When the mother dies leaving no homestead, and lands are set aside to her minor child or children, in lieu of a homestead, the title to, and interest in such lands vest in such child or children to the same extent as if the lands constituted the homestead of the decedent at the time of her death. This is the evident intent of sections 7919 and 7926 of the Code. See, also, Quinn v. Campbell, Adm'r, supra.

It appears from the bill that the lands sought to be set aside to the minor child of Pauline Worthy constituted all the real property of which she died seized and possessed, and that it did not, with the improvements and appurtenances, exceed in value $2,000, nor in area 160 acres. It would follow, therefore, that the complainant would be entitled to claim such land as exempt to her in lieu of homestead. The fact that the acreage was composed of three lots, with three houses thereon, occupied by tenants, cannot alter the situation. Being all the property owned by the decedent, and being less in area than 160 acres, and in value less than $2,000, the complainant is entitled to take and hold the same in fee simple. Section 7920, Code; Ticer v. Holesapple, 226 Ala. 271, 146 So. 614.

Section 7919 of the Code must be construed in connection with section 7920, and so construing the same it is our judgment that if, on the hearing of the cause, the proof supports the averments of the bill, the complainant will take the property in fee simple, when the same is set aside to her in lieu of homestead.

The bill contained equity, and was not subject to any ground of demurrer interposed thereto by the respondent, Jather Worthy.

There is nothing in our recent case of Griffin v. Ayers (Ala.Sup.) 165 So. 593,[1] that conflicts with the holding in this case. There the decedent had a homestead on one of the lots, well defined, and we held that this homestead could not be extended to include other lots not impressed with homestead character, but which were used for rental purposes only.

It follows that the decree appealed from is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

