18 So.2d 544

**THOMAS v. THOMAS.**

6 Div. 184.

Supreme Court of Alabama.

June 15, 1944.

D. G. Ewing, of Birmingham, and F. F. Windham, of Tuscaloosa, for appellant.

J. F. Livingston, of Tuscaloosa, for appellee.

THOMAS, Justice.

There was a consolidation of pending causes to foreclose mortgages on lands and to cancel the same as a cloud on the title.

The two cases were heard as one before the trial court rendering judgment, and aside from the exhibits in question, were by oral testimony. To such hearing the usual presumptions obtain in favor of the findings of the trial court. Ray v. Ray, ante, p. 591, 18 So.2d 273; Randolph v. Randolph, post, p. 689, 18 So.2d 555.

The first mortgage of date of April 22, 1937, was by the son to the mother and at a time when mortgagor was divorced from his first wife Hattie. There can be no question but that this mortgage was a valid lien on the property in question.

The second mortgage was between the same parties of date of May 17, 1937. There is no tendency of evidence to the effect that the mortgagor or his divorced

wife Hattie had remarried. The holding of the lower court was to the effect that it was a valid and binding conveyance on the property embraced therein.

The third and fourth mortgages between the son and mother (same parties) were of respective dates of July 3rd and September 16th, 1937. There was no evidence of a valid ceremonial marriage of the mortgagor after his divorce from Hattie as affecting these two conveyances. However, there is a tendency of evidence that at such time he was living with the appellant Mary in the house situated on lot number sixteen.

There is a tendency of evidence, which is denied, by appellee and other witnesses acquainted with the parties that tends to refute the fact of any common-law marriage of mortgagor with Mary at such times. The trial court held these mortgages void as being given on a part of the homestead of the said mortgagor William Thomas and the wife Mary Thomas not joining in the execution of same as required by statute. Code 1923, § 7883, Code 1940, Tit. 7, § 626, General Acts 1931, p. 183; Lazenby v. Lazenby, 229 Ala. 426, 157 So. 670.

The evidence is without dispute that said mortgagor left Alabama in the fall of 1937 for Kentucky where he remained until his death on July 10, 1941. When he left Alabama he vacated three of the rooms in the homestead and left his furniture in the fourth room. The evidence shows that he came back to Alabama on April 5, 1941, obtained a loan of $150 from his mother and gave her a mortgage on the whole property. This fact was corroborated by an official of the bank, saying that the mortgagee withdrew from her savings account such sum on the day of an acknowledgment of said mortgage by William Thomas. No wife joined in the execution of this mortgage.

The agreement of counsel shows that there had been no divorce proceedings instituted in the Circuit Court of Tuscaloosa County, In Equity, or any "divorce proceedings between Mary Thomas and William Thomas by either of such parties against the other."

On the cross examination of appellant Mary Thomas she was asked if it was not a fact that she and William got a marriage certificate in Harlan, Kentucky, on the 14th day of January, 1941, and gave Coxton, Kentucky, as residence, and thereafter had a marriage ceremony performed. To this question she answered, "It was just a fake. We had to make to show to those camps up there. If you ain't got a marriage certificate you can't stay there." And the witness then admitted that after having such certificate they went through a marriage ceremony. The certified copy of the marriage record of Kentucky was introduced in evidence and it showed that said parties did secure a marriage certificate on January 14th, 1941, and that on the 14th day of January, 1941, they did go through a marriage ceremony and gave their address as Coxton, Kentucky.

The register of marriages from Kentucky in evidence gave the ages of the respective parties; that they were both divorced; that their place of birth was Tuscaloosa, Alabama; their residence Coxton, Kentucky; gave the names of their respective parents; gave the occupation of the husband as a "miner"; and stated the date of the license as the 14th day of January, 1941. That record also contained the further words: "This license is void thirty days after date." The date entered by the clerk was the 14th day of January, 1941. The marriage certificate is to the effect that on January 14, 1941, at Harlan, Ky., under authority of the above license that one J. B. M. Howard, J. P. H. C., "united in marriage William Thomas and Mary Foster," the persons named and described and that the ceremony was performed in the presence of Lige Blanton and Robert Hall.

Thus we are brought to the consideration of the validity of the last indicated mortgage touching the homestead (if such it was) of the party named in Alabama. Said mortgage is of the date of April 5th, 1941.

In comparing the two mortgages, appellant said that the signature on the older mortgage was genuine and the signature on the last mortgage was a forgery of the husband's name. However, the trial court seeing and hearing the evidence had the advantage enjoyed by an inspection of the two mortgages and the comparison of the two signatures thereon, which is not available to this court. The last mortgage was executed on April 5, 1941, as indicated, by William Thomas to appellee for the sum of $150. This transaction in Alabama is supported by the testimony of appellee and the officers taking the acknowledgment and by Mr. Baker, the bank official, showing the

withdrawal on that date from Martha's savings account of the like sum indicated in the mortgage. Appellant's testimony was to the effect that her husband was not in Alabama after January, 1941, saying that the last time he was here was December, 1940, and left in January, 1941.

■ In the consideration of the abandonment vel non of the homestead as touching the validity of the mortgage of date of April 5, 1941, the recognized rule in this jurisdiction as to an abandonment of homestead is that "in order to lose a residence, when once acquired in this state, and the protection of the exemption laws, there must be a removal in fact, with the intent that it is not merely temporary. Talmadge v. Talmadge, 66 Ala. 199; McCrary v. Chase, 71 Ala. 540; Caldwell v. Pollak, 91 Ala. 353, 8 So. 546; Bragg v. [The] State, 69 Ala. 204; Glover v. Glover, 18 Ala. [367] 370; Davis v. Allen, 11 Ala. [164] 165."—Herzfeld v. Beasley, 106 Ala. 447, 449, 17 So. 623.

■ It is further declared by this court that the abandonment of homestead does not operate as a forfeiture of dower. People's Bank v. Barrow & Wiggins, 208 Ala. 433, 94 So. 600.

The trial court said on this phase of the case that, "Sometime after September 16, 1937, and before April 5, 1941, the said William Thomas and the respondent, Mary Thomas, abandoned the said property described as lots 14, 15, and 16 in the Slayton Survey at Alberta City, Tuscaloosa County, Alabama, as a homestead and established a residence in Coxton, Harlan County, Kentucky, and that they continued to live at Coxton in Harlan County, Kentucky, until the time of the death of the said William Thomas and that the respondent, Mary Thomas, continued to live at their home in Coxton, Kentucky, for about one year and five months after the death of her husband, the said William Thomas."

■ Whatever may be said of the tendency of the evidence as to mortgagor's intent when he left Tuscaloosa for Kentucky as touching his homestead, it had long since been dissipated by his success in the state of his acquired residence in Kentucky. The fact of his ceremonial marriage in that state, the statements contained in his application to secure the required license under Kentucky law confirms an abandonment of the Alabama homestead before his

valid mortgage of April 5, 1941. This is sufficient without reference to the failure of compliance with the statutes providing for the filing of declarations by the owner of a homestead when he leaves the premises and rents the same for a considerable period of time. No declaration appears to have been made either by appellant's husband or herself and filed in the probate office of Tuscaloosa County, Alabama, where the property is located, before or after he went to Kentucky.

■ We have examined the voluminous record. It convinces us that when the mortgagor William Thomas left his home in Tuscaloosa in 1937, for his newly acquired home in Kentucky (where he remained until his death in July, 1941), he had abandoned the homestead in Alabama. This is the result, notwithstanding the fact that a homestead exemption allowance was obtained in rebate of taxes in 1938. We are of opinion that he turned over the whole property to his mother, mindful of the several sums he had borrowed from her from time to time, with the intent that she should look after the property, and from what rents she could collect, pay the mortgagor's bill for lumber, taxes, repairs and the like.

We are not of opinion that the mother (the mortgagee) should be required to account for rents under the rule of the case of Pollard v. American Freehold Land Mortg. Co., 139 Ala. 183, 35 So. 767. However, she will be required to account for all the rents received by her to be credited on the indebtedness embraced in the three valid mortgages, and on the improvements, charges and taxes on the whole properties.

■ The final decree after reference and register's report ascertaining the amounts due on the first two mortgages indicated, costs and expenses of litigation, should subject the lands to the payment of such sums. As to the last mortgage, given after the marriage indicated, of date of April 5, 1941, the husband's interest in the land was conveyed subject to the rule of the statutes as to the wife's dower, as declared in People's Bank v. Barrow & Wiggins, 208 Ala. 433, 94 So. 600; Winkles v. Powell, 173 Ala. 46, 55 So. 536; Deepwater Black Creek Coal Co. v. Long, 224 Ala. 63, 139 So. 236. As she did not join in this last-named mortgage, the wife did not waive her dower interest in the land.

610

As corrected, the decree of the lower court is affirmed.

Corrected and affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.