32 So.2d 514

**MATTHEWS et al. v. MATTHEWS.**

8 Div. 363.

Supreme Court of Alabama.

Oct. 30, 1947.

See, also, Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259.

Proctor & Snodgrass and Jas. M. Proctor, all of Scottsboro, for appellants.

Milo Moody, of Scottsboro, and H. G. Bailey, of Boaz, for appellee.

SIMPSON, Justice.

The decree, here challenged, ordered the sale of lands for the allotment to appellee of homestead exemptions, as the widow of her late husband, M. B. Matthews, deceased.

The controverted issue was whether or not the decedent at the time of his death was a bona fide resident of Alabama, there-

by entitling the widow to the exemptions allowed under the statute.

■ The prerequisite to a widow's right to homestead exemptions is the residence in this state of her husband at the time of his death and residence as here considered means domicile, the place where his habitation was fixed without any present intention of changing it. Lucky v. Roberts, 211 Ala. 578, 100 So. 878; Thomas v. Thomas, 245 Ala. 607, 18 So.2d 544.

In discussing the precise question, it was pointed out in Herzfeld v. Beasley, 106 Ala. 447, 449, 17 So. 623: " * * * That in order to lose a residence, when once acquired in this state, and the protection of the exemption laws, there must be a removal in fact, with the intent that it is not merely temporary. Talmadge's Adm'r v. Talmadge, 66 Ala. 199; McCrary v. Chase, 71 Ala. 540; Caldwell v. Pollak, 91 Ala. 353, 8 So. 546; Bragg v. State, 69 Ala. 204; Glover v. Glover, 18 Ala. [367], 370; Davis v. Allen, 11 Ala. [164], 165."

And on the question of the change of domicile, we pointed out in the recent case of Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 513: "A change of domicile cannot be inferred from an absence, temporary in character, and attended with the requisite intention to return. To the fact of residence in the new locality there must be the added element of the animus manendi before it can be said that the former domicile has been abandoned. The intention to return is usually of controlling importance in the determination of the whole question. * * *"

■ The evidence was in conflict, but we are in accord with the conclusion of the trial court that it strongly sustained the contention of the widow that at the time of her husband's death he was a resident of the state. True, it could be deduced that at one time he had left his old home in Jackson County and removed his residence to Georgia, but, later, and recently prior to his death, he had disposed of all his holdings in Georgia, returned to Jackson County, his original domicile, and constructed a house on land in which he owned a substantial interest, moved his furniture from Georgia to this home, where he and

his wife had been living as their permanent residence until a few months before his death. The evidence is persuasive to our minds that, though he died while in Georgia, his sojourn and his business connection there at that time were temporary in character and that he had not abandoned the residence he had established in Alabama.

Testing these facts by the governing principles of law above adverted to, we have concluded the decree of the trial court was well founded and should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.