43 So.2d 131
MATTHEWS v. MATTHEWS.

8 Div. 496.

Supreme Court of Alabama.

Oct. 13, 1949.

Rehearing Granted Dec. 1, 1949.

Proctor & Snodgrass, Scottsboro, for appellant.

H. T. Foster, Scottsboro, H. G. Bailey, Boaz, for appellee.

BROWN, Justice.

This is the third appeal growing out of a claim of the complainant as the widow of M. B. Matthews, deceased, of homestead exemptions in lieu of homestead under § 662, Title 7, Code of 1940. Matthews et al. v. Matthews, 247 Ala. 472, 25 So.2d 259; Matthews et al. v. Matthews, 249 Ala. 611, 32 So.2d 514. This appeal is from the decree entered December 15, 1948, in the course of the administration of the estate of said M. B. Matthews, deceased.

The assignments of error challenge the soundness of said decree confirming the register's report on reference which held:

"Upon consideration, the court is of the opinion that the complainant, Lillian Matthews, the widow of the deceased M. B. Matthews, should have the full title to the sum of $964.45, this amount having been previously determined by the decree of this court in this cause, as being the value of her deceased husband's interest or equity of redemption in this land at the time of his death and it also having been heretofore determined by decree of this court in this proceeding that this was all the real estate, or interest, in real estate, that the said husband of Lillian Matthews, the complainant, owned at his death, and that the area of the whole 'Proctor place' did not exceed 160 acres."

The register's report after full hearing concluded that the interest of said M. B. Matthews in what was referred to as the McClendon land was nil.

On the finding of the register's report that said Matthews' interest in the Proctor land did not exceed in area 160 acres nor two thousand dollars in value, confirmed by the decree appealed from, the said decree was free from error. Code of 1940, Title 7, §§ 661–662; Worthy v. Walton, 232 Ala. 317, 167 So. 799; Smith v. Albert, 247

Ala. 520, 25 So.2d 382; Childs et al. v. Julian et al., 241 Ala. 249, 2 So.2d 453.

■ We are not impressed with the appellant's contention that the right of the complainant as the widow of M. B. Matthews to exemption of personal property was precluded by the decree of December 20th, 1943, in which the trial court observed, "Upon consideration of the pleadings, the court is of opinion that demurrers heretofore filed to the bill of complaint should have been sustained to the different aspects to the bill, except that aspect in which complainant prayed for the assignment of homestead exemption and dower in and to the property left by her deceased husband; and the cause is accordingly considered in respect to homestead rights and dower only." 247 Ala. 474, 25 So.2d 260.

The effect of the decree was not to sustain the demurrer to any part of the bill and on the face of the decree the right to personal property exemptions was not considered nor adjudicated. The bill was single in its purpose and scope,—complainant was seeking to recover her interest in the estate of her deceased husband. Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507.

There is no error on the record.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

■ In disposing of the appellant's assignments of error the writer overlooked appellee's cross-assignment made on the record. The cross-assignment does not challenge the character of appellee's right but does challenge the soundness of the decree as to the quantum of appellee's claim of exemptions in lieu of homestead.

The final decree of the court entered on the 17th of September, 1946, confirming the register's report ascertained and adjudicated that the equity of redemption in the land known as the "Proctor Place" was of the value of $1818.90 at the time of the death of M. B. Matthews, and this equity of redemption was in M. B. Matthews and his brother W. L. Matthews as tenants in common and ordered the land sold by the register after giving due notice of the time and place and terms of sale, to file his report thereon and allow it to "lay over" for ten days for exception, and at the expiration of that time to forward the same for further orders and decrees. As to the other tract named and numbered "2" in the decree relief was denied. From that decree the respondents W. L. Matthews and Lilah Matthews appealed. That decree was affirmed here. Matthews v. Matthews, 249 Ala. 611, 32 So.2d 514.

Thereafter the court in proceeding further with the administration of the estate, on June 14, 1948, entered a decree ordering the register to sell the "Proctor Place" as set forth and described in the former decree of September 17, 1946, to the highest bidder for cash in front of the court house door on the 12th day of July, 1948, make report thereof and allow the same to lay over on file five days for exceptions, etc.

The report of the register, to state its substance, shows that the "Proctor Place" sold for $9600.00, that the total amount of the mortage debt due Mrs. Lilah Matthews was $4,513.26 and after deducting the amount of the mortgage indebtedness there remained in his hands $5,086.74, one-half of which belonged to W. L. Matthews, the other half to "said M. B. Matthews," which amount is subject to the homestead claim of complainant. That $2,000.00 should be invested in a homestead for complainant, the balance to the payment of the costs and the residue distributed to the heirs at law.

The decree of the court allowed the complainant as the widow of M. B. Matthews $964.45 and ordered that she be paid said sum "to have full title to said sum in lieu of her homestead in the lands of her deceased husband."

The appellee challenges the part of the decree which allows her only said sum of $964.45 and devotes the balance of the proceeds to the payment of costs of the administration and the balance to division amongst the heirs at law of M. B. Matthews.

We are of opinion that appellee's challenge should be sustained. The interest in the property which the decedent owned at the time of his death, when duly claimed as in this case, is exempt to the widow in lieu of homestead from administration and the payment of debts and cannot be subject to the diminishing processes of such administration nor to distribution amongst the next of kin. Appellee is entitled to the full proceeds of said one-half interest,—$2,543.-75. Sams v. Sams, 242 Ala. 240, 5 So.2d 774. The fact that said interest increased in value after M. B. Matthews' death and sold for more than two thousand dollars is no reason for denying the exemptioner the benefit of such increased value when, as here, it has been judicially determined that the interest of said decedent did not exceed in area more than 160 acres and $2,000 in value before the sale.

The decree of affirmance entered here is, therefore, modified and a decree entered here correcting the decree of the circuit court so as to require the payment of proceeds of the sale of said half interest of M. B. Matthews at the time of his death to his widow Mrs. Lillian Matthews and as corrected will be affirmed.

Let the appellants pay the costs of this appeal.

Corrected and affirmed.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.