CYRUS J. S. SCOTT *v.* CHARLES BRIGHAM; JOHN G. WHITE, *Trustee.*

*Book account. Trustee process.*

Tools borrowed for temporary use, and not returned, which have not been damaged, or demanded and refused, cannot be charged, and recovered for in an action on book account.

The expense of repairing an article broken by the opposite party, is not a proper charge on book against him, if he never authorised or assented to it.

Debts due to a debtor which accrued from the sale of property which was exempt from attachment, may be attached and holden by the trustee process.

BOOK ACCOUNT. In the defendant's account against the plaintiff, were charges for "pr. of adze borrowed,"—"piece of rafting rigging, borrowed by Moses,"—"nail hammer, lent Moses,"—"paid for mending large chain, broken by your hands,"—"two augers, lent to your hands," and "one chain, lent Knapp, not returned," which the auditor disallowed, and reported that the facts in relation to them were as follows. The defendant lent the tools and implements referred to in his account, to men in the employ of the plaintiff, to be used in the plaintiff's business; they had never been returned,—but it did not appear that the plaintiff directed the borrowing, or that he had any knowledge in relation thereto.

The county court, January Term, 1854,—COLLAMER, J., presiding,—rendered judgment for the plaintiff for the amount reported in his favor by the auditor, after disallowing the above charges, to which the defendant excepted.

The county court adjudged the trustee chargeable, upon his disclosure, to which the trustee excepted. The facts disclosed by the trustee sufficiently appear in the opinion of the court.

*Leslie, Dickey* and *Parker* for the defendant and trustee.

*A. Underwood* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. We think the judgment of the county court should be affirmed. The tools which were borrowed, by the men in the plaintiff's employ, of the defendant, could not be charged on book, even admitting that the acts of the hired men were binding upon

the plaintiff, which we do not decide. These articles were not delivered in contemplation of creating a debt, or to impose an obligation to pay for them. The articles were not delivered to be worn out by usage, and there was no evidence that they had been, or were damaged; and the case does not show that any demand had been made for their return.

In regard to the charge of fifty cents for mending a chain, belonging to the defendant, and which the plaintiff broke, it is quite clear the defendant cannot charge it on book. The defendant, to give him a right to charge this item, must have acted by the express or implied authority of the plaintiff, in getting the chain mended. This cannot be implied from the fact that the plaintiff borrowed the chain and broke it, though doubtless the plaintiff, in a different form of action, might be liable for the damage done to the chain, if through his fault in any way.

The trustee was properly charged. He says he was indebted to the principal debtor in the sum of $45, as a balance due him for his two cows, which the trustee had bought for $75. Though a man's last cow is not subject to attachment, yet if he sells it upon a credit, the vendee may be trusteed. No statute exempts the debt so created, from trustee process. It has been so held, where a cook-stove had been sold.

Judgment affirmed, both as to the principal defendant and trustee, with costs.