## SUPREME COURT.

JOHN KELLY, sheriff, &c., appellant agt. WILLIAM G. LANE, and others, respondents.

It must now be considered as settled by the court of appeals in *Rinchey* agt. *Stryker* (26 *How*. *Pr*. *R*. 75), that the title of a *sheriff* to property seized under an *attachment* may be maintained against any action brought by the assignees for the benefit of creditors of the defendant in the attachment suit, notwithstanding that *no judgment has been recovered* in the attachment suit.

Under section 232 of the Code, a sheriff holding an execution on a judgment in an attachment suit unsatisfied, may maintain an action in *his own name* as sheriff,

to set aside as fraudulent and void an assignment of the judgment debtor's pro-
perty, which has been converted into money by the assignees and deposited with
a banking company so as to create the relation of debtor and creditor between
the assignees and the company (SUTHERLAND, J., *dissenting*).

*New York General Term,* September, 1864.
*Before* LEONARD, CLERKE *and* SUTHERLAND, *Justices.*
APPEAL by the plaintiff from a judgment at special term
on a motion for a new trial.

THOMAS H. RODMAN, *for appellant.*
JEREMIAH LAROCQUE, *for respondent.*

By the court, LEONARD, J. The only property of the
debtors in the attachment suit upon which service could
be made by the sheriff, passed under an assignment from
them to Wiley & Lawrence, made in trust for the benefit
of creditors. This assignment was assumed by the learned
justice before whom this action was tried, to be fraudulent
as to creditors, and no facts were found by him upon the
issues made by the pleadings in that respect, but the com-
plaint was dismissed upon the sole ground of the want of
authority in the sheriff to maintain this action. It will be
assumed, therefore, in considering the appeal herein, as it
was by the justice below, that the assignment was and is
fraudulent as to creditors.

Had the assigned property, consisting of merchandise,
the proceeds of which in cash, are deposited in the
United States Trust Company, to the credit of the said
assignees, remained in the hands of the said assignees as
merchandise, at the time the attachment was issued to the
sheriff, it cannot be disputed that it might have been seized,
and that the sheriff might have maintained his title under
the attachment against any action brought by the assignees
to recover its possession or value, upon the ground that
the title of the assignees was fraudulent and void as to
creditors, of whom the sheriff would stand as the repre-
sentative. And this defence would be open to the sheriff

notwithstanding no judgment had yet been recovered in the attachment suit. These principles are now settled after considerable conflict of legal authority, by the court of last resort in this state, all the judges of that court concurring (*Rinchey* agt. *Stryker*, 26 *How. P. R.* '75).

It has been held in this action by the judgment at special term in substance, that the attachment issued on behalf of creditors against their debtors, cannot be made effectual to reach the property of these debtors so assigned, notwithstanding the fraudulent character of the assignment, because the property is no longer tangible, but has been converted by the assignees into money, and so deposited in the trust company as to create the relation of debtor and creditor between the assignees and the said company in respect to the fund. If this proposition is correct the judgment must be affirmed, otherwise the plaintiffs will be entitled to a new trial.

It is made the duty of the sheriff to collect and receive into his possession all debts, credits and effects of the defendant against whom an attachment has been issued (*Code*, § 232). The sheriff is to make such collections, subject to the direction of the court or judge, and it is not probable that he would be allowed to collect any greater sum than would be sufficient to satisfy the demands for which the process in his hands had been issued, and perhaps he might not be permitted to collect debts, &c., in case there was tangible property upon which the attachment could be levied. Clearly the sheriff would be permitted in a proper case to maintain an action to recover money due from any person to the debtor in the attachment, upon open account, bond, bill, note, check, &c.

What significance is to be given to the word " effects," contained in section 232 ? It is used to mean something in addition " to debts and credits." Is money or other effects fraudulently disposed of by a debtor, and attempted to be concealed from his creditors, to be held beyond the

reach of an action by the sheriff under this section, on the ground that the relation of debtor and creditor does not exist between the defendant in the attachment and the fraudulent possessor ? The money or other effects fraudulently concealed or disposed of, would, as to judgment creditors, be considered the property of the debtor in the attachment. It is true the fraudulent assignor could maintain no action to recover his money or property so disposed of. As against him the fraudulent title may be valid. The objection as against a creditor is very different. A judgment creditor having an execution returned unsatisfied, can maintain his action in a court of equity to have any fraudulent disposition of his debtor's money or other property set aside on the ground of fraud, and applied to the satisfaction of his judgment. This relief is granted under the equitable power of the court, without any lien on the part of the creditor. Here it is the assignment only that prevents the money deposited by the fraudulent assignees from being considered assets of the debtors, in the attachment at common law.

It cannot be said that the sheriff must be denied all relief in the courts under section 232, except that which is usually denominated of a common law character. Unless we are to adopt such a rule, there can be no good reason for holding that a sheriff may not come into a court of equity to break down a fraudulent barrier that prevents him from collecting the effects of the debtor in an attachment by a common law action, and having taken cognizance for that purpose, proceed to administer that justice which the case may require on the merits.

There is no distinction in principle between the rule which permits the sheriff to impeach the title of a fraudulent assignee of a debtor in an attachment, in order to maintain his seizure of property belonging to such debtor in an action brought against the sheriff, and permitting the affirmative assertion of fraud in an action brought by

the sheriff to recover debts, credits or effects of the debtor in the attachment held by an assignee of the debtor under a title fraudulent as against creditors.  The moment the assignment from these debtors shall be declared fraudulent as to their creditors by a court of competent jurisdiction, the money deposited to the credit of their assignees becomes credits or effects of the debtors, liable to be recovered by the sheriff in an action under section 232.

The true and liberal construction of this section of the Code requires us to hold that debts, credits or effects, held under a fraudulent title from a debtor in an attachment, are to be considered as the debts, credits or effects of the debtor, when the question is between the party holding under such fraudulent title and an attaching creditor, or the sheriff who represents such creditor.  This principle is necessarily to be implied from the provisions of the Code in relation to the remedy by attachment, and the decision of the court of appeals before adverted to.  It is the application of a principle analogous to the relief afforded by a court of equity in removing an impediment which prevents a creditor from obtaining satisfaction by a levy and sale on an execution.

The principle insisted on by the learned counsel for the respondents, and recently applied by this court in another case, by which the trust company was denied the right to interplead the attaching creditors and their depositors, Wiley & Lawrence, assignees of Lane, Boyce & Co., in respect to the fund in question has no application here.

While it may be true that the trust company could not be permitted to call in question in a court of justice the right of their depositors to the money deposited with the company to their credit, it by no means follows that a creditor, or the sheriff representing a creditor under an attachment, may not impeach the title of the depositor to the same fund.  The theory of that decision was, that it was the business of the creditor to enforce his rights, and not for

the trust company to volunteer for the purpose of raising a litigation which the creditor might not think proper to encounter. It was suggested at the argument that the attaching creditors if successful here would obtain an advantage over prior actions by judgment creditors which had been commenced, to have the assignment in question declared to be fraudulent and void. No such fact appears from the papers in this case, but if there are such suits, the result anticipated need not follow. The determination of the present action affects only the parties to it. Whenever other parties shall make it appear to the court in a proper proceeding for that purpose, that they have prior or better rights to the fund in question, the judgment in the present case can be no obstacle to their obtaining it. We adjudge only upon the rights of the parties before the court in the present action.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

SUTHERLAND, J. *dissenting.* On the fourth of March, 1861, Lanes, Boyce & Co., a New York firm, being insolvent and largely indebted among others to August Belmont & Co., made a general assignment of all the property and assets of the firm to Leroy M. Wiley and Fred. N. Lawrence, for the benefit of their creditors. On the 17th of June, 1861, Belmont & Co. commenced an action in the supreme court to recover their debt. Subsequently, and on or about the 24th of June, 1861, an attachment directed to the sheriff of the city and county of New York, was issued in the action, on the ground that Lanes, Boyce & Co. had assigned and disposed of their property with intent to defraud their creditors. '

Wiley and Lawrence, the assignees, accepted the assignment and acted under it, and when the attachment was issued in the action of Belmont & Co., had, as assignees, deposited with the United States Trust Company $60,000, a portion of the assigned property, or of the proceeds of the

assigned property. Subsequently, and on the 25th of June, 1861, the sheriff undertook to attach, and so far as he could, did attach the funds so deposited by the assignees with the trust company, by leaving a certified copy of the attachment with the secretary of the company, with a notice showing that he intended to attach such funds. On the 9th day of July, 1861, Belmont & Co. recovered a judgment in the attachment suit for $38,328.27, on which an execution was issued, which execution had not been returned, but remained in the hands of the sheriff wholly unsatisfied when this action was commenced, August 21, 1861, by the sheriff, in his own name as sheriff, to have the assignment of Lanes, Boyce & Co. declared void as against Belmont & Co. and the sheriff, and to recover from the trust company enough of the funds so deposited with the company by the assignees, to pay the judgment of Belmont & Co. The justice before whom the action came on for trial at the special term, dismissed the complaint on the ground that the sheriff had no right to bring the action. My associates think that he had, and have come to the conclusion that the judgment of dismissal should be reversed. I think the complaint was properly dismissed, on the following grounds :

1. The sheriff had no interest which gave him the right to be the plaintiff in the action. The action is brought for the exclusive benefit of Belmont & Co., the judgment creditors. If the assignment is declared fraudulent and void, and the sheriff recovers the money, he will of course pay it over to Belmont & Co. If the assignment was or is fraudulent and void, it was and is fraudulent and void as to the creditors, not as to the sheriff. Not only had the sheriff no interest which could properly make him the plaintiff, but he is wholly a volunteer plaintiff, unless the service of the attachment on the trust company made it his duty as sheriff to bring the action.

2. It cannot be seriously claimed that the sheriff had a

Kèlly agt. Lane.

right to .bring the action as the trustee of an express trust.

3. It follows if the sheriff has a right to maintain the action, that it is by the express authority of some statute (*Code*, §§ 111, 113). The presiding justice in his opinion refers to section 232 of the Code as containing this authority. This section after speaking of .the manner in which the sheriff shall proceed on the attachment, and directing him to keep the property seized or its proceeds, to answer the judgment which may be obtained in the action, says that he " shall, subject to the direction of the court or judge, collect and receive into his possession all debts, credits and effects of the defendant." But it is plain that this action was not brought to collect a debt, &c., of the defendants in the attachment suit, within the meaning of this provision of the Code. The sole purpose of this action is to reach equitable assets, beyond the reach of the attachment and execution in the attachment suit, and yet the claimed legal lien acquired by the attachment is pointed to as the foundation of the sheriff's right to maintain the action. The fact is, the sheriff did not by the service of the attachment on the trust company, attach a debt or credit of Lanes, Boyce & Co., the defendants in the attachment. Though the assignment should be declared fraudulent and void as to their creditors, yet it was and is valid as to them. The relation of debtor and creditor did not exist between the trust company and Lanes, Boyce & Co., when the attachment was served on the trust company.

If the deposit of the moneys by the assignees with the trust company created a debt, it was a debt of or to the assignees. If the sheriff should obtain a judgment in this action setting aside the assignment, and declaring Belmont & Co. equitably entitled to enough of the funds in the hands of the trust company to pay their debt, this judgment would be entirely consistent with the fact that when the attachment was served the trust company was not indebted to Lanes, Boyce & Co., and, therefore, that the

sheriff did not and could not attach any debt of theirs. In granting the relief asked for by virtue of its equity powers, the court would not be required to declare, and never could or would declare otherwise.

It appears to me, therefore, that the reasoning to show the sheriff's right to bring this action by the express authority of section 232 of the Code, not only assumes that when the attachment was served on the trust company, the assignment was void even as between the assignors and assignees, but also that the assignment had been judicially declared void as to Belmont & Co., though they had not then recovered a judgment, and though the very question in this case is as to the authority of the sheriff to bring an action to have the assignment declared void, and that these unauthorized assumptions are not the only defects of the argument; for the relief asked for by the complaint, if granted, would be entirely consistent with the fact that when the attachment was served the trust company was not indebted to Lanes, Boyce & Co., but to their assignees, for or in the amount deposited by the assignees. It is not necessary to question the right of the sheriff to go into a court of equity, if necessary, to collect debts, credits and effects of the defendant in the attachment in fact attached by him.

4. It appears to me that the recent decision of this general term in the case of the *United States Trust Company* agt. *Leroy M. Wiley and others*, that the trust company, under the circumstances, could not maintain a bill of interpleader, is inconsistent with the conclusion arrived at by my associates in the principal case. I think the decision referred to was right.

5. I have never doubted that the sheriff when sued for seizing chattels under an attachment or execution, by a third party claiming under assignment from the defendant in the attachment or execution, might show as a defence, that the assignment was fraudulent and void as to the

plaintiff in the attachment or execution, but does it follow that the sheriff upon or after such seizure, could bring an action in his own name to have the assignment set aside as fraudulent ? I think such an action would be an anomaly. An attachment or execution directs the sheriff to seize the goods and chattels of the defendant. He seizes certain chattels as the chattels of the defendant. If made an involuntary defendant for such seizure, it is reasonable that he should be permitted to show for his own protection, if not for the benefit of the attaching or execution creditor, the assignment to be fraudulent, and that as to such creditor the chattels were at the time of the seizure the chattels of the defendant in the attachment or execution, but does it follow that the sheriff could after the seizure, volunteer to bring an action to have the chattels declared the chattels of the defendant in the attachment or execution ? The attachment is his authority for making the seizure, at the peril of being able to show in a suit against him, the alleged assignment to be fraudulent and void, but where is his authority for bringing the action to have the assignment declared fraudulent and void ?

6. This action by the sheriff, so far as I am informed, is without precedent. It is not a violent presumption that Lanes, Boyce & Co., at the time of their assignment had many creditors besides Belmont & Co., and that other creditors before the attachment was served on the trust company, were in a position to commence and had commenced actions to set aside the assignment as fraudulent, and reach the equitable assets. It is difficult to see any possible motive for serving the attachment on the trust company, and then under color of the claimed legal lien acquired by such service, commencing this action in the name of the sheriff, other than to displace or forestall such prior equities, and gather the fruits which superior diligence had equitably entitled such other creditors to. If this was the motive or purpose, we are not called upon in this case to strain the

law to create a precedent.   On the question of the right
or power of the sheriff to bring this action, it is sufficient
to give force to this suggestion, that there may have been
such prior equities.   It is not an answer to it to say that
the sheriff may have to take the relief asked for in this
action, subject to such prior equities.   Such qualified right
or decree is not consistent with the theory of the sheriff's
right to bring the action.

7. If my brethren are right in the conclusion they have
come to, and it is established as a rule or principle of law
that the sheriff had a right to bring this action in his own
name, then sheriffs in addition to their other powers and
duties, are the grand trustees, prosecutors or almoners of
or for defrauded creditors, and it is their duty to hunt up
and ferret out frauds, and bring actions to reach *equitable*
*assets* in their own name, for the benefit of defrauded cred-
itors.   I cannot think there is any law clothing sheriffs with
any such general administerial official capacity or duty.

8. It is doubtful whether the judgment creditors, Bel-
mont & Co., on the facts stated in the complaint, could
have maintained the action.   The execution had not been
returned when the action was commenced.   It cannot be
said that the assignment was an obstruction in the way of
their execution, for if the assignment had been out of the
way their execution could not have reached the funds in the
hands of the trust company.

9. The presiding justice in his opinion, remarks more
than once I think, that it is conceded the assignment is
fraudulent and void as to creditors.   I presume nothing
more is meant by this than that in examining and deciding
the question of the right of the sheriff to bring and main-
tain the action in his own name, it may or should be con-
ceded that the assignment is fraudulent and void.   I am
not aware of any concession as to the fraud other than this
logical concession.   The answers of the defendants who
have answered, other than the trust company, put in issue

the alleged fraud. I am not aware of any concession in fact as to the fraud.

I think the judgment appealed from should be affirmed, with costs.