Friedlander v. Mahoney.

statute forbids the interpretation put upon it by defendants.

                                   Appeal dismissed.

FRIEDLANDER v. MAHONEY, sheriff.

Exemption: LIFE INSURANCE POLICIES. While life insurance policies may be exempt from execution under our statute, property acquired by a sale or assignment thereof, is not.

*Appeal from General Term, Ninth Judicial District.*

WEDNESDAY, APRIL 19.

THE facts of this case are as follows: On the 26th day of November, 1861, Mrs. Amalie Friedlander, mother of plaintiffs, procured a policy of insurance on the life of her husband, Herman Friedlander, in the Connecticut Mutual Life Insurance Company, for the sum of $5,000. This policy provides as follows, to wit: "This policy of insurance witnesseth, that the Connecticut Mutual Life Insurance Company, in consideration of the sum of $171.20 to them in hand paid by Amalie Friedlander, wife of Herman Friedlander, of Dubuque, Iowa, and the annual premium of $171.20, to be paid on or before the 16th day of November in every year during the continuance of this policy, do insure the life of Herman Friedlander, of Dubuque, in the county of Dubuque, State of Iowa, for the sole use of the said Amalie Friedlander, in the amount of $5,000, for the term of the whole continuance of his life. And the said company do hereby promise and agree to and with the said assured, her executors, administrators and assigns, well and truly to pay, or cause to be paid, at the city of Hartford, the said sum insured to the said assured, her executors, admin-

istrators or assigns, for her sole use, within ninety days after due notice and proof of the death of the said Herman Friedlander, deducting therefrom all notes taken for premiums unpaid at that date. And in the case of the death of the said Amalie Friedlander, before the decease of the said Herman Friedlander, the amount of said insurance shall be payable, after her death, to her children for their use, or to their guardian, if under age, ninety days after due notice and proof of the death of the said Herman Friedlander, as aforesaid."

On the 1st of May, 1866, she procured an additional policy on the life of her husband, in the same company, for the sum of $4,000, containing the same provisions as above. On the 10th day of May, 1867, the said Amalie Friedlander was doing a mercantile business at the city of Dubque, in which business she had been engaged for some time previous. In the course of her business, she became indebted to A. Greenwald & Co., and F. Greenwald & Co., and to the plaintiffs in the attachments under which the defendant acted. To secure A. Greenwald & Co., and F. Greenwald & Co., she executed to them a chattel mortgage on her stock in trade. A few days prior to the 10th day of May, 1867, this mortgage became due, and she being unable to meet it, J. K. Graves, the assignee of the mortgagees, took possession of the store and goods preparatory to a foreclosure. In order to settle this claim of Graves and, at the same time, place the goods beyond the reach of the creditors of Amalie Friedlander, the following arrangement was made:

Mrs. Friedlander, for the expressed consideration of one dollar, released all her interest in the goods to J. K. Graves, who transferred the same to Alexander Levi, as trustee, for Samuel and Louis Friedlander. At the same time, in satisfaction of the debt secured by the goods, Mrs. Friedlander transferred the life policies to Graves, " and all the benefit and advantage to be gained therefrom." The

plaintiffs were present at this transaction, and were, on the same day, placed in possession of the goods by Graves. Subsequently, the defendant, at the suit of various creditors of Mrs. Friedlander, attached the said goods as her property, and finally sold the same, under judgments obtained.

The plaintiffs instituted suit in the district court of Dubuque county to recover of the defendant the value of the goods so appropriated. The cause was tried by a jury, and verdict and judgment rendered for the defendant. The plaintiffs appealed to the general term court of the 9th judicial district, where the judgment of the district court was reversed. To reverse this judgment of the general term this appeal is prosecuted.

*Griffith & Knight* for the appellant.

*De Witt C. Cram* and *S. M. Pollock* for the appellees.

DAY, Ch. J. — Mrs. Friedlander being indebted to J. K. Graves, assignee of the Greenwalds, in a large amount, which was secured by mortgage upon a stock of goods, for the purpose of preventing a sale of the goods in discharge of the debt, assigned to said Graves, in payment of his demand, the policies. which she held upon the life of her husband. The effect of this assignment was to satisfy the claim of Graves, release the stock of goods and re-invest Mrs. Amalie Friedlander with the legal title thereto. She was *eo instante* entitled to an assignment of the goods to herself, or to have a satisfaction of the mortgage entered upon the records. Had either been done, the goods would have become liable for her debts, and a conveyance of them, without consideration, and for the purpose of defrauding creditors, would have been set aside. After the payment of his debt, Graves had no more control over the goods. They became subject to the disposition and control

of Amalie Friedlander. She directed a conveyance of them to A. Levi, in trust for her infant children, Samuel and Louis Friedlander. There is no pretense that there was any consideration for this conveyance. The purpose avowed by all parties at the time was to place the goods beyond the reach of the creditors of Amalie. The plaintiffs were present at the transaction, and were aware of its object.

If Mrs. Friedlander had obtained a satisfaction of the mortgage on the records, to which she was clearly entitled, and had then, without consideration, conveyed the property to her minor sons, it would not, perhaps, be seriously questioned that the sale would be set aside at the suit of a creditor of Mrs. Friedlander. Yet this is exactly what, in legal effect, was done. It cannot be successfully maintained that the subterfuge to which resort was had of the release of Mrs. Friedlander to Graves, and the transfer, by Graves, of the goods to Levi, as trustee of Samuel and Louis Friedlander, affected, in any respect, the legal status of the parties. It is not the policy of the law to uphold evasions, or aid in the consummation of tricks, and it would bring a just reproach upon its administration if its just doctrines, grown venerable through the concurring assent of centuries, could be so easily annulled.

It is claimed that the court erred in instructing the jury that the policies of insurance in favor of Amalie Friedlander, on the life of her husband, were not exempt from the payment of her debts, and in refusing to give, at the instance of plaintiff, an instruction embodying the converse doctrine. It follows, from the views above expressed, that the question of the liability of these policies, at the time of this transaction, for the debts of Amalie Friedlander, is not material. They were, by express stipulation, made the subject of assignment. Such assignment was made, the result of which was a revesting of the title of the goods in Mrs. Friedlander. Conceding that the

policies were not liable for her debts, it by no means follows that the goods were, to the same extent, exempt. If the head of a family should exchange his homestead, or the team with which he habitually earns his livelihood, for articles of merchandise, would they remain exempt from liability to the payment of his debts? If not, upon what principle is this stock of goods exempt? If there was any error in giving the instructions complained of, and in refusing the other (which we do not, however, determine) it was error without prejudice, and does not constitute a ground for reversal.

It is further insisted that the court erred in giving the following instruction, asked by defendant: "The policies of insurance show on their face that they were procured by Amalie Friedlander, on the life of her husband, Herman Friedlander, for her benefit, and that the premiums were paid by her. There being no evidence to the contrary, you are to regard the policies of insurance as her property, and if you believe that Mr. Graves received the policies in payment and satisfaction of the Greenwald mortgage, then the mortgaged goods reverted to Amalie Friedlander, and became liable to the payment of her debts." The objection urged to this instruction is, that it assumes as a fact that all the premiums were paid by Mrs. Freidlander, and that the policies were her property. The remarks made in regard to the former instructions apply in part to this. That the insurance was effected for the benefit of Mrs. Friedlander appears from the face of the policies. There is no evidence of an intention on the part of her husband to deprive her of the benefits of the same. He was present at the time the assignment of them was made, and concurred in the arrangement. With his assent they were used in payment of a debt of Mrs. Friedlander. Graves accepted an assignment of them, which operated to discharge Mrs. Friedlander's goods from the lien of a mortgage. This release, so far as these defend-

ants are concerned, is just as effective, and is attended with the same results, upon the theory that the premiums were paid by Herman as that they were paid by Amalie Friedlander. If it be conceded that this instruction contains an unwarranted assumption of fact, it worked no prejudice to defendants.

This view disposes of the errors insisted on in the argument. In our opinion the action of the general term, reversing the judgment of the district court, was erroneous. The judgment appealed from is

Reversed.