# Tillis v. Dean.

*Statutory Trial of the Right of Property.*

1. *Husband and wife; sale of homestead; gift of consideration to wife.*—Where in the sale of a part of lands constituting a homestead, the wife refuses to join in the conveyance, unless the consideration for such sale is given to her, and in order to obtain her signature to the deed, it is agreed that the consideration therefor shall be given to her, and upon the execution of the deed and its delivery to the purchaser, the said consideration is delivered to the wife, such transaction amounts to a voluntary gift from the husband to his wife of the consideration given for the purchase of the part of the homestead sold.

2. *Same; exemptions; when personal property exempt from judgment with waiver.*—Where, in an action upon a promissory note waiving the maker's right to claim exemptions as to personal property, a judgment is rendered containing the recital of a waiver of exemptions as to personalty, the judgment debtor can not, subsequently relieve his personal property from liability thereto, by making a voluntary gift of it to his wife; and the wife, as such donee, is not entitled

to recover in a claim suit instituted by her interposing a claim to such property, which was levied upon under execution issued on said judgment.

APPEAL from the Circuit Court of Covington. *
Tried before the Hon. J. W. FOSTER.

This was a statutory trial of the right to property, which was levied upon under an execution issued on a judgment in favor of the appellant, R. Tillis, against one J. F. Dean. Upon the levy of the execution upon two ponies and a cow, as the property of said J. F. Dean, the appellee, M. A. Dean, interposed a claim thereto by making affidavit and executing bond as required by statute.

Upon the trial of the claim suit, it was shown that the judgment, upon which the execution levied upon the property involved in the controversy was issued, was rendered at the spring term 1892 of the circuit court of Geneva county, in favor of the plaintiff, R. Tillis, against J. F. Dean; and that said judgment contained a waiver of exemptions as to personal property. The value of the property levied upon was fifty dollars.

The evidence for the plaintiff tended to show that J. F. Dean, who owned 160 acres of land, which he had entered and occupied as a homestead in Covington county, sold 40 acres of land for a horse, the horse being delivered to the claimant, as a condition precedent to her signing the deed to the 40 acres of land. The facts in reference to this transaction are sufficiently stated in the opinion. This transaction occurred about two years prior to the trial of the case, which was had at the spring term, 1897, of the circuit court of Covington county.

It was further shown by the testimony for the claimant, that some time before the execution was issued, said J. F. Dean, who was the husband of the claimant, under her instructions, exchanged the horse obtained in the sale of the land for the two ponies levied upon and involved in this controversy. It was further shown that the cow which was levied upon was purchased with money which belonged to the wife.

Upon the introduction of all the evidence the court, at the request of the claimant, gave the general affirmative charge in her favor. To the giving of this charge the plaintiff duly excepted. There were verdict and judgment for the claimant. The plaintiff appeals, and

assigns as error the giving of the general affirmative charge as requested by the claimant.

M. E. MILLIGAN, cited *Giddens v. Williamson*, 65 Ala. 439; *Scott v. Brigham*, 27 Vt. 561; *Friedlander v. Mahoney*, 31 Iowa 315.

J. T. JONES and M. D. JONES, *contra*.

HARALSON, J.—It is not contended by appellant that the cow, which was levied on and claimed, is subject to the execution. The only contention by him is as to the two ponies—that they are liable. The judgment against the defendant in execution contained a waiver of exemptions as to personal property.

It appears that the defendant in execution, J. F. Dean, about two years before the trial of this cause, owned 160 acres of land in Covington county, which he had entered as a homestead from the United States Government, and that this land was his homestead. It further appears, he agreed to sell or exchange 120 acres of this land to one Thomas for another 120 acres, which belonged to said Thomas; and that he agreed to sell the remaining 40 acres of the 160 homestead tract, to one Driggers for a horse. The bill of exceptions recites that the wife of defendant, the claimant, "refused to sign either deed, or to move off the homestead until the 120 acres procured from Thomas was conveyed to her, and until it was agreed that she should have the horse, and that when she signed the conveyances, the horse was delivered to her, in order to obtain her signature to the deeds." From this it appears that the two deeds, the one to Thomas for 120 acres, and the other to Driggers for the 40 acres, were executed at the same time, and that the defendant and wife did not move off or abandon the homestead until said deeds were each executed. The wife owned no title or interest in the homestead during the life of the husband, which she could sell. While he lived, her only right in the premises was to put a veto on the husband's right to alienate the homestead, without her assent, expressed as the statute requires.—*Cowan v. Southern R. Co.*, *ante* p. 554. The transaction, therefore, as to the sale of the 40 acres of land for the horse, was no more in substance than a sale of the same by the

[Tillis v. Dean.]

defendant for the horse, which he voluntarily gave to his wife, the claimant. She acquired no title to or interest in the horse, by virtue of having given or parted with anything valuable for it, and the only interest she acquired in the animal was by way of gift from her husband.

It is well settled that a conveyance or gift of property exempt from liability for the payment of debts cannot be avoided or defeated as in fraud of creditors, unless such a gift or conveyance is of property which they can by legal or equitable process subject to the payment of debts.—*Alley v. Daniel*, 75 Ala. 403, 406; 3 Brick. Dig. 491, §20.

When the husband voluntarily sold the 40 acres of homestead for the horse, the gift of the animal to his wife, without anything more, was no injury to his creditors. In *Wright v. Smith*, 66 Ala. 516, where a question similar to the one now before us was considered, the court, by BRICKELL, C. J., said: "The gift of such property is of no injury to creditors—it works them no wrong, and deprives them of no right, legal or equitable. As to such property, it may be well said, the owner has no creditors, and [has] the power of disposition as if he were free from debt.—Bump on Fraud. Convey., 242; *Fellows v. Lewis*, 65 Ala. 343. If, before the execution of the note by the defendant in attachment, waiving exemptions, he had given the horse to the claimant, and at the time of gift the horse was exempt from liability to the payment of debts, the title of the claimant cannot be assailed by the creditors of the donor, as fraudulent." Here it is plainly inferable, that if the note by defendant waiving exemptions had been given before the gift of the property by him to the claimant, it would have been liable to the attaching creditor against the claim of the voluntary donee. In the case before us it was shown that the judgment in favor of the plaintiff against the defendant in execution was rendered at the spring term, 1892, of Geneva circuit court, and the minute entry contained the recital of "a waiver of exemptions as to personal property." It is to be presumed that the note or obligation upon which it was rendered, contained a similar waiver of exemptions, to authorize such an order in the judgment. Without this waiver, the horse would not have been liable in the hands of the wife to the exe-

cution, for the husband would have had the power of disposition of it, by gift or otherwise, without any fraud on the plaintiff; but having waived his exemptions as to personal property before he gave the animal to his wife, it became liable to his debt to plaintiff. The ponies exchanged for the horse, as to the plaintiff, stood in the place of the horse, liable for the debt, contracted before the transaction by which the horse was acquired.

There was error in giving the general charge for the claimant.

Reversed and remanded.