(94 South. 600)

**PEOPLE'S BANK OF RED LEVEL v. BARROW & WIGGINS. (4 Div. 11.)**

(Supreme Court of Alabama. Nov. 9, 1922.)

**1. Homestead ⬤⇒1—Exempt from execution for payment of husband's debts.**

Under Code 1907, § 4160, the homestead is exempt from levy and sale under execution for the debt of the husband during his life and during the life of the widow if she survives the husband and during the minority of the children.

**2. Homestead ⬤⇒117—Interest of wife cannot be alienated by husband without her consent.**

Under Code 1907, § 4161, the wife owns no title or interest in the homestead during the life of the husband that she can sell, but she cannot alienate it without her consent expressed in the manner required by the statute.

**3. Homestead ⬤⇒21, 141(1) — Right of wife stated.**

The wife has a right to occupy the homestead with her husband during his life, and under certain conditions enumerated in Code 1907, § 4190, has the right during his life to claim it as a homestead exempt from the payment of his debts; if she survives him, she has the right to occupy it until her death (sections 4160, 4196), and she can retain the homestead until it is ascertained whether his estate is solvent or insolvent, and if insolvent, or if the homestead does not exceed 160 acres, then the title to it will vest in her and the minor children absolutely (sections 4196, 4198, and 4227); a wife's separate estate, under section 3814, does not affect her homestead rights.

**4. Dower ⬤⇒12(1)—Wife has dower interest in husband's property of which he is seized in fee.**

If the husband is seized in fee of the homestead, the wife has the right to dower in it, and if they abandon the homestead and the wife survives the husband she would continue to own a dower interest in it under Code 1907, § 3812, unless deprived of it in whole or in part by her separate estate, if any, under section 3814.

**5. Dower ⬤⇒44—Wife cannot be deprived of dower without her consent unless she has statutory separate estate.**

The husband may sell and convey his lands in which the wife is entitled to dower rights, and the conveyance will be valid as to his interest but not as to her dower rights, without her signature and consent; neither the husband nor his creditor can deprive her of her dower rights without her consent, but a wife can be deprived of dower rights in her husband's lands in whole or in part by the value of her separate estate, under Code 1907, § 3814.

**6. Homestead ⬤⇒118(5)—Conveyance by husband without consent of wife absolutely void.**

Under Code 1907, § 4161, and Const. 1901, § 205, a conveyance of a homestead by the husband without the voluntary signature and assent of his wife is void both as to his interest and her rights therein.

**7. Fraudulent conveyances ⬤⇒95(2)—Release by wife of her homestead and dower rights for one-half of selling price of homestead held to be based on valid consideration.**

Because his wife refused to release her dower and homestead rights except for a payment of $1,000, the husband agreed to pay that sum to her. The wife then signed the deed to the purchaser, and from the proceeds of the sale the husband authorized the bank receiving it to credit $1,000 in his wife's name. In garnishment against a bank, *held* that the contention that the $1,000 in the wife's name was subject to garnishment to satisfy a judgment with waiver of exemptions as to personal property, against the husband, upon the theory that the money was transferred to her to defraud plaintiff creditor, was not sustainable; the release by the wife of her dower and homestead rights in the homestead constituting a valid consideration and making the transaction between her and her husband bona fide.

McClellan, J., and Anderson, C. J., dissenting.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

Action by Barrow & Wiggins against W. F. Sowell and W. E. Sowell; the People's Bank of Red Level, garnishee. From a judgment on contest of its answer, the garnishee appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Thigpen, Murphy & Jones, of Andalusia, for appellant.

A sale or other disposition of property which is by law exempt from the payment of debts cannot be impeached by creditors as fraudulent. 66 Ala. 514; 75 Ala. 403; 91 Ala. 353, 8 South. 546; 99 Ala. 415, 13 South. 80; 100 Ala. 203, 13 South. 937; 118 Ala. 648, 23 South. 804; 137 Ala. 297, 34 South. 622. A release by a wife of her homestead right or right of dower is such a consideration as will support a conveyance or transfer of property to her by her husband. 71 Ala. 210; 74 Ala. 232, 49 Am. Rep. 813; 83 Ala. 142, 3 South. 296, 3 Am. St. Rep. 702; 20 Cyc. 523; 173 Ala. 46, 55 South. 536; 12 R. C. L. 516. The fact that money is deposited in a bank to the individual credit of the depositor shows prima facie that it belonged to him, but not conclusively so. 134 Ala. 346, 32 South. 716, 92 Am. St. Rep. 38; 92 Ala. 124, 9 South. 732, 13 L. R. A. 659; 56 South. 247.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Powell & Reid, of Andalusia, for appellee.

The proceeds of a voluntary sale of the homestead becomes personal property, and the homestead rights are thus lost. 118 Ala. 648, 23 South. 804; 65 Ala. 439; 15 Ala. 826. It being shown that plaintiffs' demand antedated the transaction attacked, and that the defendant was in an embarrassed financial condition, and the transaction being between husband and wife, the burden was upon the garnishee to show adequate and valuable consideration for the transaction. 93 Ala. 70, 9 South. 372; 71 Ala. 211; 74 Ala. 232, 49 Am. Rep. 813. The garnishee cannot claim exemptions for the defendant; it should have suggested Mrs. Sowell as a claimant. Code 1907, § 4328; 14 Ala. App. 484, 71 South. 63.

MILLER, J. Barrow and Wiggins brought suit against W. E. Sowell and W. F. Sowell on a promissory note given by them, waiving exemptions as to personal property. There was a judgment by default, damages assessed at $348, and judgment was rendered against the defendants therefor, with waiver of exemptions as to personal property.

While that suit was pending and before judgment was rendered, the plaintiffs in aid thereof obtained a writ of garnishment against the People's Bank of Red Level for it to answer whether it was indebted, etc., to the defendant W. E. Sowell. The garnishee, the bank, answered under oath that it was not indebted to the defendant W. E. Sowell. This answer was contested by the plaintiffs, and thereupon an issue was made up under the direction of the court, in which the plaintiffs alleged in what respect the answer was untrue. Section 4325, Code 1907.

The plaintiffs contested the answer of the garnishee on the grounds that the defendant W. E. Sowell, while indebted to them as averred in the complaint, deposited with the garnishee in the name of his wife $1,000, which was his and not his wife's property; that it had not been paid out by the garnishee when the writ was served on it, and this money was deposited in her name as a mere subterfuge, or for the purpose of hindering, delaying, or defrauding plaintiffs in the collection of their debt; and plaintiffs also allege in another ground of contest that the deposit of that sum in his wife's name was without consideration, and a mere gift from him to her, and was void as to plaintiff's debt.

The garnishee took issue on those grounds of contest; and also replied specially to each that it was in the general banking business, and the entire deposit, before making its answer to the writ of garnishment, was paid out by it on checks of the wife without any notice or knowledge that the money did not belong to her or that it was deposited by the defendant in her name as a mere subterfuge or with intent to hinder, delay, or defraud plaintiffs in collecting their debt.

The court gave the general affirmative charge with hypothesis in favor of plaintiffs, and refused to give a similar charge in favor of the garnishee. There was a verdict by the jury in favor of the plaintiffs, judgment thereon by the court, and from it the garnishee appeals.

The giving and refusing by the court of these two charges are 2 of the 51 errors assigned by the garnishee.

The following evidence was undisputed in this case: The defendants owed plaintiffs $348 on March 6, 1922. This debt was contracted by the defendants as evidenced by a note given by them, waiving exemptions as to personal property, on December 5, 1919. Suit was filed thereon by plaintiffs, and garnishment in aid of the pending suit was sued out on November 16, 1921, and the writ of garnishment was served on the garnishee on November 16, 1921. Judgment was rendered by the court in favor of plaintiffs and against the defendants on March 6, 1922, for $348 debt and $11.15 costs. This judgment contained a waiver of exemptions as to personal property by each defendant.

The defendant W. E. Sowell owned 79 acres of land in the county. It was all the real estate owned by him. He and his wife were citizens of Alabama, and had resided on this land for years as their homestead. It was used and occupied by them as a homestead when the debt of plaintiff was contracted, and until it was sold and conveyed to Foshee by them, and its value was $2,000.

There were two mortgages on this land given by W. E. Sowell and his wife. Both mortgages were due. One was given to George M. Forman & Co., which, with interest, amounted to $607; and the other was given to the garnishee, which, with interest, amounted to $323.31.

On November 15, 1921, W. E. Sowell contracted to sell the homestead, 79 acres, to D. R. Foshee for $2,000. His wife refused to sign the deed unless W. E. Sowell would consent for $1,000 of the purchase price to go to her to buy another home. He agreed for her to have one-half of the proceeds of the sale before she would consent to and before she executed the deed, and then she joined with him in conveying the homestead to D. R. Foshee. D. R. Foshee paid the purchase price by giving his check to the garnishee for $2,000 drawn on the garnishee, payable to the garnishee, dated November 15, 1921, and the garnishee paid out the $2,000, as follows: $323.31 to itself to satisfy its mortgage on the land; $607 to George M. Forman & Co. to satisfy their mortgage on the land; and paid in cash to W. E. Sowell, the defendant, $69.69; and deposited in its bank to the credit of said Mrs. W. F. Sowell the sum of $1,000. None of the proceeds of

the sale of the 79 acres was paid to or went into the actual possession of the defendant W. E. Sowell, except the $69.69. The $1,000 was deposited to the credit of Mrs. Sowell as she directed. On November 21, 1921, she purchased another homestead and drew her check on the garnishee for $700 to pay for it, and on December 1, 1921, she drew by check out of the bank $50, and on December 9, 1921, she drew by her check out of the bank $250, the balance due her.

[1] The defendant W. E. Sowell and his wife were and are resident citizens of Alabama. This was their homestead. It was occupied by them as such until it was sold and conveyed to Foshee. It did not exceed in area 160 acres, nor in value $2,000. It was exempt from levy and sale under execution for the debt of plaintiffs during his life and occupancy, and during the life of the widow, if she survived the husband, and minority of the children. Section 4160, Code 1907.

[2-6] Mrs. Sowell owned no title or interest in the homestead during the life of the husband that she could sell; but he could not alienate it without her consent, expressed as the statute requires. Section 4161, Code. Any conveyance made by him to Foshee would have been void without her voluntary signature and assent in the manner required by section 4161 of the Code of 1907. She as his wife had the right to occupy it as a homestead with him during his life. Winkles v. Powell, 173 Ala. 51, 55 South. 536. She under certain conditions mentioned in the statute, section 4190, had the right during his life to claim it as a homestead, exempt from the payment of his debts. If she survived him, she had the right to occupy it until her death. Sections 4160 and 4196, Code 1907. If she survived him, then she could have retained the homestead until it was ascertained whether his estate was solvent or insolvent, and if it was insolvent, then the title to the homestead would vest in her, the widow, and the minor child or children, if any, absolutely. Section 4196. If she survived him, and this 79 acres constituted all the real estate owned in this state by him at his death, and it was set apart as a homestead to the widow and minor child or children, or either, then the title to such homestead would vest absolutely in them. Section 4198, Code 1907. If they had abandoned it as a homestead, and she had survived him, then she would own a dower interest in it under section 3812, unless deprived of it in whole or in part by her separate estate, if any, under section 3814, Code 1907. Winkles v. Powell, 173 Ala. 46–51, 55 South. 536, W. E. Sowell, the husband, was seized in fee of this 79 acres of land during his marriage to this wife; and under section 3812 of the Code of 1907 his wife had a right of dower in it. Under the undisputed evidence it was used by them until sold as a homestead, and its value was $2,000, and its area less than 160 acres. Under the undisputed evidence, she had a homestead interest in it. The wife, Mrs. Sowell, had a right of dower in and a homestead interest in this land before and when they conveyed it to Foshee. By their deed to Foshee she conveyed to him both of these rights or interests. Were they valuable, either or both of them? Were they or either of them a valuable consideration to support and sustain the transfer to her by her husband of the $1,000 of the purchase money for her executing the conveyance to Foshee of the land? Could the plaintiffs creditors of her husband, legally complain at her receiving the $1,000 for her signing the conveyance? These are questions presented by this record for us to answer.

In Gordon Rankin & Co. v. Tweedy, 71 Ala. 210, this court wrote:

"The release by a married woman of her inchoate or contingent right of dower in lands owned by her husband, of which she is lawfully dowable, may constitute a valuable consideration for the execution of a deed by him to her. And the same is true, whether the release be made contemporaneously with the deed, or pursuant to a preceding agreement."

See, also, Hoot v. Sorrel, 11 Ala. 386; Bump on Fraud. Con. 303; Bk. of U. S. v. Lee, 13 Pet. 107.

"Yet such a contract must be reasonable and free from fraud in order to be sustained in equity, and should be especially scrutinized when made to a wife by a husband who is insolvent or in failing circumstances." Keel v. Larkin, 83 Ala. 142, 3 South. 296, 3 Am. St. Rep. 702.

In 20 Cyc. 523, § b, headnotes 41, 42, and 43, we find this general rule:

"The release by a wife of her right of dower in the lands of her husband is a sufficient consideration to support a conveyance or transfer to her of property of her husband; and this is true whether the release be made contemporaneously with the conveyance or transfer or pursuant to a preceding agreement."

In 12 R. C. L. p. 515, § 45, headnote 6, we find:

"The relinquishment of the wife's right of dower is a good consideration for such a settlement as against creditors of the husband, to the extent of the value of the dower."

The wife is more vitally interested in fact and under the statutes as we have hereinbefore shown in the homestead of her husband than in her dower interest in the lands of her husband. If the rights of dower in the husband's land are valuable during his life, then the rights of the wife in the homestead of her husband are valuable during his life. She is entitled to use and occupy the home with her husband during his life (Witherington v. Mason, 86 Ala. 349, 5 South.

679, 11 Am. St. Rep. 41; Winkles v. Powell, 173 Ala. 51, 55 South. 536) and after his death to use and occupy it during her life. Under certain contingencies mentioned in the statutes she may become the absolute owner of the homestead of the husband after his death. Sections 4227, 4196 and 4198, Code 1907. Her dower rights in his lands give her no such privilege during his life. She can be deprived of her dower in his lands, in whole or in part, by the value of her separate estate (section 3814), but her separate estate has no effect on her homestead rights. The husband may sell and convey his lands in which she is entitled to a dower right, and the conveyance will be valid as to his interest, but not as to her dower rights without her signature and consent. Winkles v. Powell, 173 Ala. 46, 51, 55 South. 536. But the husband cannot sell and convey the homestead without the voluntary signature and assent of his wife as the statute directs; if he does, the conveyance is void, both as to his interest and her rights therein. Section 205, Const. 1901; section 4161, Code 1907; Slappy v. Hanners, 137 Ala. 199, 33 South. 900.

In 20 Cyc. 524, e, we find this general rule:

"A release by a wife of her homestead right is such a consideration as will support a conveyance or transfer of property to her by her husband."

In 12 R. C. L. p. 516, headnotes 10 and 11, we find this general rule:

"The release by a wife of her right in a homestead is a good consideration for money paid to her, or a conveyance made to her, for a husband may always convey to his wife property exempt from execution."

In Fiedler v. Howard, 99 Wis. 388, 75 N. W. 163, 67 Am. St. Rep. 865, we quote:

"The transaction was in no sense a gift to the wife. The release by the wife of her dower and homestead interest was a good consideration to support this arrangement. See Allen v. Perry, 56 Wis. 178."

The homestead rights of the wife in the home of the husband is valuable. She can veto its sale. She can occupy it jointly with him during his life. If he dies first, she can occupy it during her life.

In Kennedy v. First Nat. Bk. of Tuscaloosa, 107 Ala. 181, 18 South. 397, 36 L. R. A. 308, this court wrote:

"It resolves itself into this: That as to exempt property there are within the meaning of the statute of frauds, no creditors. Statutes creating exemptions were not designed to imprison the debtor in his homestead, nor to fetter the transfer of his chattels."

Here the homestead was exempt, and it was sold to pay two mortgages on it; $1,-000 of the purchase money was delivered to the wife to secure her signature to the conveyance and which was to be used by her in buying another home; and within 10 days after the execution of the conveyance she invested $700 of the $1,000 in another home.

In Sanders v. Wallace, 114 Ala. 263, 21 South. 948, this court wrote:

"Dower attaches upon marriage to every estate of inheritance of which the husband is seized during coverture. It is inchoate until death. Neither the husband nor his creditor can deprive her of this right, against her consent."

[7] The wife of Sowell had a dower interest, subject to the two mortgages, in this 79 acres of land. It was valuable. Neither the husband nor the plaintiffs, his creditors, could deprive her of this right in it without her consent. The husband was seized in fee of this 79 acres of land during his marriage; and under section 3812 of the Code of 1907, the wife had a dower right as well as under the evidence a homestead interest in it. As it was exempt as a homestead from the debt of the plaintiffs, they could not complain at the conveyance of it or at the amount of the purchase money under agreement allowed the wife for her dower interest or her homestead interest or for both interests. Wright v. Smith, 66 Ala. 514; Kennedy v. First Nat. Bk., 107 Ala. 181, 18 South. 396, 36 L. R. A. 308; Cox v. Bham. D. G. Co., 125 Ala. 320, 28 South. 456, 82 Am. St. Rep. 238. The transfer of the $1,-000 to the wife is based on a valuable consideration to pay for her voluntary signature and assent to the conveyance of the 79 acres of land by her husband to Foshee; she by the deed conveyed her dower rights and homestead interest in the property to Foshee, and this was valuable. It was under the evidence in no sense a gift to her by her husband. Gordon, Rankin & Co. v. Tweedy, 71 Ala. 210; Minge v. Green, 176 Ala. 353, 58 South. 381; Weil v. Hill, 193 Ala. 417, 69 South. 438; and authorities supra; Taylor v. Taylor, 207 Ala. 217, 92 South. 109.

It is true in Tillis v. Dean, 118 Ala. 648, 23 South. 804, it was held that the transfer of the horse to the wife by the husband under agreement to secure her signature to the deed conveying a part of the homestead to another, for the horse, was without consideration; and that—

"She acquired no title to or interest in the horse, by virtue of having given or parted with anything valuable for it, and the only interest she acquired in the animal was by way of gift from her husband."

This is contrary to the great weight of the authorities on that subject; it is in conflict with the letter and spirit of many decisions of this court, and the case of Tillis v. Dean, 118 Ala. 648, 23 South. 804, is hereby expressly overruled to this extent.

This $1,000 under the agreement and the undisputed evidence in this case was the

property of Mrs. Sowell, and not the property of the defendant W. E. Sowell when the writ of garnishment was issued and served on the People's Bank of Red Level, the garnishee. This $1,000 of Mrs. Sowell was not subject to that writ of garnishment.

The court erred in giving the general affirmative charge with hypothesis in favor of plaintiffs, requested in writing by them. The general affirmative charge with hypothesis, requested in writing in favor of the garnishee, should have been given by the court.

There is no necessity for passing on the other errors assigned. They will hardly arise on another trial; if they do, they will be in a different form.

For the errors mentioned the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and McCLELLAN, J., dissent.

McCLELLAN, J. (dissenting). Under the evidence in the record, the case is ruled by the sound, logical pronouncement in Tillis v. Dean, 118 Ala. 645, 23 South. 804, decided in 1898. There was no disagreement to its doctrine among the exceptionally able justices forming the court's judgment. The homestead exemption statutes have not been since so changed as to modify or to avoid its doctrine. It is well settled, and is so conceded in brief for appellant, that the voluntary sale of land constituting, as here, the homestead effects to convert the real estate into personalty, whereupon the homestead exemption is waived and lost. In Giddens v. Williamson, 65 Ala. 439, 441, 442, it was said:

"Even though the real estate, sold by appellee to Rogers, may have been his homestead, and, as such, exempted from subjection to legal process—a question which need not here be decided—when it was sold, and converted into money, by the voluntary act of the owner, and not by legal compulsion, the proceeds, or purchase money, was not necessarily exempt. The homestead exemption was thereby waived and gone, and did not follow the money. As was said in Scott v. Brigham, 27 Vt. 561: 'Though a man's last cow is not subject to attachment, yet, if he sells it on credit, the vendee may be trusteed'—i. e., by garnishment. Andrews v. Rowan, 28 How. Prac. 128; Wygant v. Smith, 2 Lans. 185; Friedlander v. Mahoney, 31 Iowa, 315; Thompson on Homestead & Ex. §§ 745, 746. It may be otherwise, however, where the sale or conversion is involuntary, or by compulsion under legal process."

No statute has been enacted since Giddens v. Williamson, supra, was decided in 1880, that has altered the rule of that decision. There is no statute making the proceeds of a voluntary sale of an exempt homestead subject to exemption as or for a homestead. On the contrary, the homestead exemption statutes have been three times readopted without any indication of legislative purpose to avoid the rule of Giddens v. Williamson. Upon the effectual execution, by Sowell and his wife, of the conveyance of the land constituting the homestead, and its delivery to Foshee and the grantee's payment of the purchase price, the homestead exemption theretofore existing immediately ceased and was lost. Sowell, defendant in the judgment, had waived any exemption of personal property in the instrument he had given the plaintiffs, appellees. To proceed upon any other premise in the adjudication of the rights of these parties is to extend the homestead exemption statutes to a subject-matter not within their purview, viz. the proceeds of a voluntary sale of real estate theretofore exempt as a homestead. Giddens v. Williamson, supra.

According to the undisputed evidence there was a voluntary sale of the homestead to D. R. Foshee for a consideration of $2,000 which was paid to Sowell through a check from D. R. Foshee to the People's Bank of Red Level, Robert Foshee, cashier of the bank (a different man from the grantee, D. R. Foshee), accepting the check; paying off Sowell's two mortgages of something over $900; and placing $1,000 to the credit of Sowell's wife, the cashier having suggested this procedure following the statement by Sowell that his wife would not sign the deed to D. R. Foshee unless this sum was applied to buying another home. With reference to an exempt homestead a wife's only power is to veto disposition thereof by withholding her consent, expressed as the statute required. As a homestead she has no interest or estate in the land. Hence, so far as Sowell's exempt homestead was concerned, no consideration whatever supported his delivery of the $1,000 of the proceeds to his wife; and his act in that regard operated as a gift only, as was well decided in Tillis v. Dean, 118 Ala. 645, 23 South. 804. The fact that the process employed was not a manual reception of the money by Sowell from the grantee and then Sowell's delivery of that money to his wife did not avoid the effect of the stated rules of established law. The law determines rights by reference to the substance, not the shadow.

The garnishee's cashier, testifying as a witness, stated:

"At the time this writ of garnishment was served on me on the 16th of November, the whole $1,000 was there (meaning to the credit of Sowell's wife on the bank's books), and it had not been checked out."

This evidence was undisputed. Payment after writ of garnishment served is vain. Fowler v. Williamson, 52 Ala. 16, 18, 19. In the circumstances disclosed the proper practice for this garnishee to have pursued was

to have suggested Mrs. Sowell as claimant. Fowler v. Williamson, 52 Ala. 16, 18, 19. In consequence of the admission thus made, the plaintiffs were entitled to general affirmative instruction in their favor; unless consideration for the transmission of the $1,000 to Mrs. Sowell was afforded by her relinquishment of her inchoate dower right. If she had dower right in this land, it was conveyed by the deed to D. R. Foshee. Did Sowell's wife have a right to inchoate dower in this real estate? The undisputed evidence shows that before its conveyance to Foshee this land was impressed with the character of an exempt homestead. Its area was less than 160 acres, and its value did not exceed $2,000. Code, §§ 4160, 4196, 4198. Under our present statutory homestead system, particularly section 4198, the existence of any dower right in an exempt homestead which is, as here, within the maximum limits of an exempt homestead, would be incompatible with the homestead interest. Code, § 4198, provides:

"When all real estate of decedent set apart as homestead, title vests absolutely. When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title of such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not; but the title to the homestead shall not vest absolutely in them as against the other heirs of decedent until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than two thousand dollars; but as against the creditors of decedent, the title of the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by decedent, and that it is of greater value than two thousand dollars, and the homestead secured hereby shall be held and governed as in section 4196 (2069)."

So far as creditors are concerned, the effect of this statute is, as it avows, to invest the widow and any minor children of the decedent with the legal title to the homestead if it constitutes all of the real estate owned by the decedent. In this case there is no evidence whatever that Sowell has any children, much less minor children. According to this record, if Sowell had died possessed of the homestead—instead of conveying it to D. R. Foshee as was effectually done—it is manifest his widow would not have been entitled to dower in the land constituting the homestead; so for the reason that she would have succeeded, as a statutory heir (Code, § 4198), to the legal title to the entire premises, consisting, as it did, of all the real estate owned by Sowell, not exceeding 160 acres in area and in value not exceeding $2,000. Manifestly, dower cannot exist in land owned by the asserted doweress herself; and such would have been Mrs. Sowell's status with respect to this land in the event supposed. If she would not have been dowable in this homestead area—in the event of Sowell's death owning it—it would seem to be absolutely certain that she had no inchoate right of dower therein. The existence of an inchoate right of dower in lands in which there could be no dower consummated upon the husband's death is inconceivable. The cases of Chisolm v. Chisolm, 41 Ala. 327, Jordan v. Strickland, 42 Ala. 315, and McCuan v. Turrentine, 48 Ala. 68, involved a fundamentally different statutory system in which the material provisions of the present Code, § 4198 (quoted ante) find no counterpart. Those cases are therefore without application to the statutory status now prevailing. Maples on Homestead Exemptions, p. 614 et seq.; and Thompson's work on the same subject, sections 555, 556, treat the general inquiry; but neither of these authors considers, any more than did this court in the cases cited, the effect of the provisions of Code, § 4198, in constituting, in the circumstances therein specified, the widow as a statutory heir of her deceased husband in the homestead area. And it is equally manifest that a widow could not successfully assert against minor children a right to dower in a homestead in which, with her, minor children of the deceased owner were joint owners with the widow. Having no inchoate right of dower in the land (homestead), so effectually conveyed to D. R. Foshee, there was on that account no consideration for the $1,000 passing from Sowell to his wife. It was, as against his creditors, a gift merely; as was well decided in Tillis v. Dean, supra.

But even if this view was entirely ignored, there is in the record no evidence that Mrs. Sowell had the remotest idea that she was bargaining to anyone an inchoate right of dower in this land. All the testimony shows, or tended to show, is that she would not sign the deed to D. R. Foshee unless her husband would give her $1,000 of the proceeds with which to buy another "home." That this part of the proceeds was either promised or given to her as a consideration for her act in joining in the conveyance of the homestead to D. R. Foshee is not at all supported by the evidence. D. R. Foshee is not shown to have had any negotiation or dealing with Mrs. Sowell, nor is he shown to have had any intimation that she had exacted the stated promise of her husband, or that she would not sign the deed unless that promise was made to her. Another Foshee, the cashier, was so advised.

In the writer's opinion the judgment is not affected with error.